HENRY ADAMS, Respondent, *v.* HENRY A. BOWERMAN et al., Appellants.

Where, in an action against a sheriff for an alleged unlawful taking, the latter justified under process against a firm from whom plaintiffs acquired title, alleging that said firm obtained title by purchase on credit induced by false representations as to solvency. *Held,* that the books of the firm were proper evidence against plaintiff upon the question of insolvency and knowledge thereof on the part of members of the firm; and that the rejection of such evidence was error.

Plaintiff claimed title under a warehouse receipt of the property, delivered as security for a loan made on the strength of the security, and also to secure a prior indebtedness. The referee found that plaintiff took the security in good faith without knowledge or notice of any fraud. *Held,* that, so far as plaintiff held title as security for the loan, it was not affected by fraud on the part of the firm, and so an error in rejecting the books as evidence did not affect such title; but so far as the title was taken to secure the prior indebtedness, plaintiff could not be considered a *bona fide* transferee, so as to enable him to hold the property against the original vendor. Ordered, therefore, that the judgment be reversed unless plaintiff stipulate to reduce his recovery to the amount due on the loan; if he so stipulate, that judgment be modified accordingly, and as modified affirmed.

(Argued February 3, 1888; decided March 20, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 4, 1884, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was commenced against the sheriff of the city and county of New York, but the proceedings were afterwards amended so as to substitute his indemnitors as defendants.

The complaint states a sale and delivery by the Bay State Sugar Refinery Company of 127 barrels of syrup to the firm of Taussig & Hammerschlag, on the 8th of August, 1883; that on the fifteenth of August it was pledged to the plaintiff by that firm as security for the payment of a loan of money then made to them; that on the twenty-first of August the defendant (the sheriff) unlawfully took it from his possession. The answer shows that on the twentieth of August the Bay

State Company commenced an action against the firm of
Taussig & Hammerschlag, one B., as their assignee, and one
Seaver, to replevy the syrup; that the sale by the Bay State
Company to Taussig & Hammerschlag was void because
induced by their fraud and " with the preconceived design to
cheat and defraud " the vendors. The issues in the action
were referred for trial, and the referee found the following
facts : The Bay State Company, on the 10th of August, 1883,
sold to said firm of Taussig & Hammerschlag 128 barrels of
syrup, of which the 127 barrels mentioned in the complaint
were part, for the price of $1,678.39, payable in cash in ten
days thereafter; and without being paid therefor the seller
delivered the said syrup to said purchasers, and pursuant to
such delivery said 128 barrels of syrup were received by and
came into the possession of said purchasers in the city of
New York, on the 13th day of August, 1883, but they never.
paid said price so agreed for in whole or in part. At the
time of the negotiation for the sale and delivery of the said
syrup Taussig & Hammerschlag were in fact insolvent, but
not aware thereof; and the purchase was not made by said
firm with a preconceived intention not to pay, or with a
preconceived design to cheat and defraud the Bay State
Sugar Refinery Company of Boston, and the purchase
was not fraudulent. On the thirteenth of August Taussig
& Hammerschlag delivered 127 barrels of the syrup to one
Seaver, on storage for them, and took his receipt as warehouse-
man therefor, and on the fifteenth of August they did the
same with 130 other barrels of syrup, both deliverable to their
order. These two receipts were afterwards given up and one
receipt taken from Seaver, dated " August 13 and 15, 1883,"
for both lots described separately, but together making 257
barrels " deliverable to the order of H. Adams." This was done
with intent and expectation on their part to borrow money of
the plaintiff on the security of the syrup, and on the same day
he did agree to lend them $3,000, and within a short time sent
to them his check for that sum, which was paid. The plaintiff
had before loaned one member of the firm $662.94, and with

the assent of the firm the syrup was to stand in the plaintiff's hands as security for the payment of both sums. The receipt was actually placed in the hands of one Robertson for Adams on the sixteenth of August and came to his own hands on the seventeenth of August; the plaintiff obtained and received said warehouse receipt from Taussig & Hammerschlag in pledge for his said loan of money, in good faith and in the usual course of trade, without notice of any fraud or wrong on the part of said firm in purchasing or getting possession of the 127 barrels of said syrup here in question from said Bay State Sugar Refinery Company, or of any claim or right of said company to said syrup, and without knowledge or notice of any fact or facts that should have put him upon inquiry as to any such wrong, fraud, claim or right, and in faith of the title in him represented by said receipts, and of the ability of said firm to vest in him such title, and the right to the possession and control of said syrup as pledgee thereof. By the sale of the other lot of syrup, the 130 barrels, Adams has been paid a portion of his claim on the $3,000 loan, leaving due thereon $1,176.45. On the twenty-first day of August the 127 barrels were taken from the plaintiff by the sheriff under the replevin proceedings, and he refused to return them, although notified of the plaintiff's claim. Its value, exclusive of interest, was $1,602.74, and for that sum, with interest, the referee awarded judgment in favor of the plaintiff and against the defendants

Further facts are stated in the opinion.

*George W. Ellis* for appellants. As against the true owners the plaintiff, even if he was a *bona fide* pledgee, would not be entitled to recover the full value of the goods, but only the amount which remained unpaid of his actual advance on the credit thereof. (*Townsend* v. *Bargy*, 57 N. Y. 665; *Dows* v. *Kidder*, 84 id. 121.) The general ownership of the Bay State Company could not be changed by the fraud of Taussig & Hammerschlag. (*Cary* v. *Houghtaling*, 1 Hill,

311.) The sheriff in this suit stands in the place of the Bay State Sugar Refinery Company, the true owners of the goods. (*Dyke* v. *Aldridge*, 7 Term. R. 665; *Proctor* v. *Lamson*, 7 C. & P. 629; 1 Phillips on Ev., C. H. & E. [5th Am. ed.], 403 ; Crocker on Sheriffs, § 881; *Ingersoll* v. *Van Bokkelin*, 7 Cow. 681; 5 Wend. 315; *Spoor* v. *Holland*, 8 id. 445.). Fraud is never presumed, either in law or in equity, but the burden is on the party alleging to prove it unless the circumstances shown are of such a strong and pregnant character that no other reasonable conclusion can be drawn from them, in which case the burden is shifted upon the other party to prove *bona fides* in the transaction ; and if the presumptive circumstances are strong, they will outweigh positive testimony against it. (Wood on Practice Ev. 194; *Byrd* v. *Hall*, 1 Abb. Ct. of Ap. 285 ; *Stewart* v. *Strasburger*, 51 How. Pr. 388; 6 South. Law R. 487, 488; *Johnson* v. *Monell*, 2 Abb. Ct. of Ap. Dec. 473; 67 N. Y. 600.) The omission of the defendants to move to strike out testimony on the trial does not preclude them from insisting on its insufficiency. (*Hooper* v. *Taylor*, 4 E. D. Smith, 486 ; 51 N. Y. 90, 100.) The contents of the books of account of Taussig & Hammerschlag were competent evidence upon the question as to whether they had fraudulently misrepresented their contents to induce credit. (1 Phillips on Evidence, C. H. & E. [5th Am. ed.], 404; Wharton on Evidence, § 266; *Thomas* v. *Cornell*, 4 M. & W. 267, 269, 270; *Bridge* v. *Eggerton*, 14 Mass. 245 ; 3 N. E. Rep. 224; *Hall* v. *Naylor*, 18 N. Y. 589 ; *Cook* v. *Moore*, 11 Cush. 217; 80 N. Y. 373.) Representations made by a buyer long previously may be proved, although the goods then purchased have been paid for. (*King* v. *Fitch*, 2 Abb. Ct. of App. 508; *Coffin* v. *Hollister*, 31 Hun, 81.) Courts always afford a latitude of evidence by admitting anything at all connected with the transaction in which fraud is alleged to exist, in order that it may be detected and exposed for the safety of society and the benefit of morals. (*Zerbe* v. *Muller*, 4 Harris [Penn.] 495.) The referee erred in excluding the testimony of the witness Calhoun, a public accountant, as to

what he found the condition of Taussig & Hammerschlag to be on the 1st of April, 1883, as to solvency or insolvency, as well as on the 17th of August, 1883, the day of their failure. (1 Greenleaf on Evidence, § 93; *Meyer* v. *Safton*, 2 Stark. 274.) It was clearly error for the referee to refuse to allow the defendants to identify, by Robertson, the catalogue of the sale of the insolvent's assets, it appearing that he was present, or to prove them by the plaintiff's witness, Smith, who made up the catalogue. (*King* v. *Fitch*, 2 Abb. Ct. of App. Dec. 508; *Payne* v. *Hodge*, 7 Hun, 612.) It was no part of the *res gestæ* to show what Robertson, who was only intrusted with the delivery of the check, said to Hammerschlag when he delivered the check, or what Hammerschlag said to him. (Wharton on Ev., §§ 259, 267; *Nutting* v. *Page*, 4 Gray, 584; *Small* v. *Gilman*, 48 Me. 506; *Allen* v. *Devstone*, 8 C. & P. 760; *R. R. Co.* v. *Willis*, 18 C. B. [N. S.] 748; *Lund* v. *Tynsborough*, 9 Cush. 41; *Luby* v. *R. R. Co.*, 17 N. Y. 131; *Anderson* v. *R. R. Co.*, 54 id. 334; *Williams* v. *Kelsey*, 6 Ga. 365; *Howell* v. *Howell*, 37 Mo. 124.) The application by Hammerschlag of the Bay State goods to the payment of his old individual debt to Adams was illegal and void, even if his partner assented to it as long as the firm was not left with enough to pay its debts. (52 N. Y. 162; *Billings* v. *Russell*, 101 id. 226.) There being no conscious possession by the plaintiff of the goods or of the Seaver receipt until after the general assignment, there was no delivery or pledge to him at all. (*Kinne* v. *Ford*, 43 N. Y. 587; *Wilson* v. *Little*, 2 id. 443; *Duncan* v. *Brennan*, 83 id. 487; *Parshall* v. *Eggert*, 54 id. 18.) The referee having found that the goods were in Seaver's possession at the time of their seizure in the replevin suit, in which Seaver was a defendant, the sheriff cannot be made liable to the plaintiff unless the plaintiff has complied with the conditions upon which the statute makes his right of action to depend. (*Haskins* v. *Kelly*, 1 Abb. [N. S.] 63; *Manning* v. *Keenan*, 73 N. Y. 45; 9 Hun, 686; *Foster* v. *Pettibone*, 20 Barb. 350; *Bullis* v. *Montgomery*, 50 N. Y. 352; Code, §§ 1709, 1710; *Reining* v. *City of Buffalo*, 102 N. Y. 308.) The referee

·erred in allowing the plaintiff to amend his complaint by bringing his action on the statute, instead of leaving the action to rest upon its merits, independent of the statute. (*Stephen* v. *Hughes,* 22 Weekly Dig. 119.) The amount of damages should have been diminished to the extent of Robertson's interest in the claim in suit. (*Wheelright* v. *De Peyster,* 1 John. 486; *Zabriskie* v. *Smith,* 13 N. Y. 337; Freeman on Co-tenants, § 11; *Jackson* v. *Van Bergen,* 1 John. Cas. 101; *McFadden* v. *Haley,* 2 Bay [S. C.], 457.

*Henry D. Hotchkiss* for respondent. In determining whether the plaintiff is not a *bona fide* holder for value, without notice of the alleged fraud, the doctrine of constructive notice is not to be applied. (*Parker* v. *Connor,* 93 N. Y. 118; 29 Alb. L. Jour. 244.) The purchase of the syrup by Taussig & Hammerschlag from the Bay State Company, so far as any evidence in the case shows, and so far as any inference to be drawn from the evidence would justify a reasonable conclusion of fact or of law, was legal and valid, and was not fraudulent. (*Macullar* v. *McKinley,* 99 N. Y. 353; *Morris* v. *Talcott,* 96 id. 100; *Nichols* v. *Pinner,* 18 id. 295, 299–301; *Nichols* v. *Michael,* 23 id. 266, 274; *Johnson* v. *Monell,* 2 Abb. Ct. of App. Dec. 470; 2 Keyes, 256, 257, 662.) The plaintiff, on the facts as alleged and proved on the trial, and found by the referee, acquired the rights of a *bona fide* pledgee. (*Parker* v. *Baxter,* 19 Hun, 410, 416; affirmed 86 N. Y. 586; *Barnard* v. *Campbell,* 55 id. 461, 462, 463; *Simpson* v. *Del Hoyo,* 94 id. 189–193; *Pegram* v. *Carson,* 10 Bosw. 505, 527; Story on Bail. [9th ed.], § 297; Overton on Liens, § 154; *Nat. Park Bk.* v. *Whitemore,* 104 N. Y. 297, 303; *Seymour* v. *Can., etc., R. R. Co.,* 25 Barb. 284, 308; *Pennock* v. *Coe,* 23 How. [U. S.], 128–9 *Langton* v. *Hiteton,* 1 Hare Ch. 549; *Dunham* v. *R. Co.,* 1 Wall. 267; *Fisk* v. *Potter,* 2 Keyes, 73; *Bailey* v. *Greenleaf,* 7 Wheat. 57; *Fenby* v. *Pritchard,* 2 Sandf. 156; *Conrad* v. *Atl. Mut. Ins. Co.,* 1 Peters, 386, 447; *Cayuga B'k* v. *Daniels,* 47 N. Y. 638; *Bailey* v. *Hudson River Co.,* 49 id. 75; Bate-

man's Commercial Law, § 251; *Durbrow* v. *McDonald*, 5· Bosw. 130; *Winne* v. *McDonald*, 39 N. Y. 240; *Holbrook* v. *Vose*, 4 Am. Law. Reg. [N. S.], 602, 687, 691, 692; *Huiskamp* v. *Moline Wagon Co.*, 121 U. S. 310.) There are no circumstances shown throughout these transactions from which any inference can be drawn that Mr. Adams ever waived, or ever thought of waiving, his lien. (*Clark* v. *Dillon*, 15 Abb. N. C. 261; *Roe* v. *Angevine*, 7 Hun, 679; *McKyring* v. *Bull*, 16 N. Y. 297; *Wheeler* v. *Lawson*, 103 id. 45.) The· objection that the plaintiff has waived his lien by making affidavit as owner is unavailing. (*Bullis* v. *Montgomery*, 50 N. Y. 352.) The plaintiff fully complied with the conditions. upon which the statute makes his right of action against the sheriff to depend. (Code of Civil Pro., §§ 1709, 1710.) The return is conclusive as against the sheriff. (*Russell* v. *Gray*, 11 Barb. 541; *Baker* v. *McDuffie*, 23 Wend. 289.) The purpose of section 1709 of the Code is to create a right of action and to protect the sheriff, and to the latter extent it is. for his benefit, and not that of either party to the replevin suit. (*Manning* v. *Keenan*, 73 N. Y. 45–53; 6 Hun, 686;. *Haskins* v. *Kelly*, 1 Abb. Pr. (N. S.) 70; *Russell* v. *Gray*, 11 Barb. 545; *Phyfe* v. *Eimer*, 45 N. Y. 102; *Bank of Mut. Redemption* v. *Sturgis*, 9 Bosw. 660, 665, 666.) The channel through which hearsay evidence comes does not change its nature; it continues hearsay evidence and inadmissible, even if it should be repeated by a party to the suit as mere hearsay. (*Stephens* v. *Vroman*, 16 N. Y. 381.) The entries in Taussig & Hammerschlag's books of account are of no more value than, and are equivalent to, their oral declarations and in this case of no greater materiality or relevancy. (*Dean* v. *Ætna Life Ins. Co.*, 2 Hun, 358; *Bullis* v. *Montgomery*, 50 N. Y. 358; *Flagler* v. *Wheeler*, 40 Hun, 125, 178.) The referee's rulings also against the admission as evidence, of Taussig & Hammerschlag's insolvency schedules, were correct, they having been made subsequently to the time when Adams had completed his loan and taken the goods in pledge, and whatever was contained therein was incompetent and imma-

terial as to him, and cannot affect his title. (*Persse & Brooks' Paper Works* v. *Willett*, 19 Abb. Pr. 416; *Turner* v. *Lee*, 57 N. Y. 667; *Tyler* v. *Brock*, 68 id. 418; *Whitney* v. *Otis*, 1 Bosw. 420.) The original complaint, as the respondent believes, contained every allegation necessary to sustain the action. (*Berney* v. *Drexel*, 33 Hun, 34.) The damages awarded by the referee, to wit, the value of the syrup on the day it was replevied, were proper in amount. (*Goelet* v. *Asseler*, 22 N. Y. 229; *Wehle* v. *Haviland*, 69 id. 448; *White* v. *Webb*, 15 Conn. 302; *Benjamin* v. *Stremple*, 13 Ill. 466.)

DANFORTH, J. The evidence was not all one way, but upon the principal questions in the case was of such a character as to require from the referee a finding, first, as to the intent of Taussig & Hammerschlag in obtaining the goods in question, whether the purchase was fraudulent or *bona fides*; and, second, whether, if a fraudulent purpose existed, Adams had knowledge of it, or whether he was a pledgee for value and in good faith. He did pass upon these questions, and with the approval of the General Term in favor of the plaintiff, we see no ground upon which we should interfere. Both the title of the original purchasers and the title and good faith of the plaintiff must be deemed established. There are, however, exceptions to evidence. While one F., a former bookkeeper of Taussig & Hammerschlag, was on the stand, he was examined at great length by the defendants as to the account books of that firm and the entries therein. They consisted of the sales books, cash books, journal, ledger, bill book, receiving book, and they were all and separately offered by the defendants in evidence. They were objected to by the plaintiff's counsel "as incompetent and immaterial as against the plaintiff and upon the further ground that there is no evidence of the facts covered by the entries." The case states that the referee excluded the offered evidence upon the ground that the books were "hearsay testimony," and the defendant excepted. We think they were

admissible to show the condition of the affairs of Taussig & Hammerschlag, and their knowledge of that condition. As between them and the vendors, the sale, if obtained by fraud, was invalid, and bearing upon that question the evidence was clearly competent and material. Unless the plaintiff turned out to be a holder of the goods upon a present consideration in good faith and for value, such a transaction would be invalid also as against him. The facts found by the referee show that such was the plaintiff's position as to the $3,000, and no more. The other debt of $662.94 was contracted without reference to the security afforded by the goods in question, and for that the plaintiff cannot be considered a *bona fide* transferee or pledgee within the rule so as to enable him to hold the syrup against the original vendor, who was defrauded. That debt might have been paid from the proceeds of the other lot of syrup, but it was not. A different application was made. This appears from the complaint in this action and from the testimony of the plaintiff and the finding of the referee. On the 27th of August, 1883, the plaintiff applied upon the $3,000 loan the proceeds of the other parcel, or 130 barrels of syrup, amounting to $1,914.81, leaving due only at the date of the referee's report $1,176.45. This sum, with interest, the plaintiff can now recover, although the purchase by Taussig & Hammerschlag was, in fact, fraudulent. The testimony offered and rejected might, if received, have led the referee to that conclusion. It would, however, affect only the amount of the precedent debt, and a just conclusion may be reached without a new trial, if the plaintiff remits so much of the recovery as exceeds the balance of the $3,000 loan. If that is done, the rejection of the evidence will have worked no harm to the defendants, and the error in excluding it will not require a reversal of the judgment. I have examined the other questions presented by the appellant, and find none which disclose error in the trial; but for the error above discussed the judgment should be reversed and a new trial granted, with costs to abide the event, unless within twenty days from the entry of this decision the plaintiff

stipulates that the recovery for damages be reduced to the sum of $1,176.45, with interest thereon from December 16, 1884 (that being the date of the referee's report), in which case the judgment appealed from should be modified accordingly, and as modified, affirmed, without costs to either party in this court."

All concur.

Judgment accordingly.