■ B. W. DYER & Co., Appellant, v. MONITZ, WALLACK & COLODNEY, Respondent. SKROD & Co., INC., Appellant, v. MONITZ, WALLACK & COLODNEY, Respondent.— Judgment unanimously modified on the law and on the facts to delete therefrom the first decretal paragraph thereof, and in lieu thereof to order, adjudge and decree that the plaintiff B. W. Dyer & Co. recover of defendant Monitz, Wallack & Colodney a sum of money equal to the difference between the amount of $133,109.72 received by it on the sale of the sugar and the amount of its charges ($44,390.71, freight, etc. plus $82,000) against the same other than the April 13, 1956 item of $23,000, reduced to $6,500 and interest thereon. Such difference is computed and found by the court to be the sum of $1,221.90; and plaintiff B. W. Dyer & Co. shall have recovery against defendant Monitz, Wallack & Colodney for such sum of $1,221.90, with interest thereon from June 1, 1957, with taxable costs in the court below, but without costs of the appeal. The judgment is otherwise unanimously affirmed, without costs. The defendant Monitz, Wallack & Colodney was not a pledgee in good faith and for value with respect to the sum of $23,000 represented by said April 13, 1956 item. The purported charge of such item against the security of the documents of title for the sugar was no more than a mere bookkeeping entry on the transfer of such funds to the futures trading account of Skrod, and, thereupon, upwards of $6,500 of such item was applied to liquidate antecedent indebtedness of Skrod. Monitz, therefore, did not acquire a valid claim, as against the proceeds of sale of the sugar, for the balance of $6,500 and interest which remained unpaid on said item. (Cf. *Adams* v. *Bowerman*, 109 N. Y. 23.) In fact, the said defendant did not upon the trial of this action seriously take the position that it was entitled to claim credit on account of such item. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

■ SIDNEY FREIDBERG, Appellant, v. CARYL FREIDBERG, Respondent.— Judgment, insofar as it dismisses the complaint herein upon the merits, entered on a verdict in favor of defendant upon a framed issue, unanimously reversed upon the law and upon the facts and a new trial ordered, with costs to abide the event. The verdict of the jury upon a framed issue in an action for divorce is stated to be conclusive " unless the verdict is set aside, or a new trial is granted." (Civ. Prac. Act, § 429.) Where, as here, the verdict of the jury was clearly against the weight of the evidence, the court has the power to and should set the same aside and order a new trial. (See *Kay* v. *Kay*, 235 App. Div. 25; *Lang* v. *Lang*, 268 App. Div. 788; *O'Keefe* v. *O'Keefe*, 208 App. Div. 750.) Concur — Valente, J. P., McNally, Stevens, Eager and Noonan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. SIDNEY NEWMAN.— Motion for an enlargement of time granted insofar as to extend the defendant's time to serve and file the record on appeal and appellant's points to and including December 12, 1960, with notice of argument for the January 1961 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ In the Matter of the Estate of PAULINE S. WESTON, Deceased. DAPHNE STERLING et al., Appellants; SYDNEY WESTON, Respondent.— Motion to dismiss appeal granted, with $10 costs, unless the appellants procure the record on appeal and appellants' points to be served and filed on or before December 22, 1960, with notice of argument for January 3, 1961, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.