## SUPREME COURT.

### PETER MASTERSON agt. JEREMIAH A. CRANITCH.

*Findings must be passed upon before decision.*

The court must, at or before the time of rendering its decision, pass upon requests by either party to find certain facts and conclusions of law, and it is not sufficient that such findings should be passed upon on the settlement of the case.

*First Department, General Term, December,* 1883.

*Before* DAVIS, *P. J.,* BRADY *and* DANIELS, *JJ.*

APPEAL from order refusing to pass upon requests of the plaintiff to find certain facts and conclusions of law.

*C. Finn,* for appellant.

*John Townshend,* for respondent.

PER CURIAM. — Before passing upon the merits of the case we think it is necessary for the preservation of the rights of the parties that the record should be corrected. It appears by the papers before us that the plaintiff, after the close of the evidence in the case, submitted to the court a number of requests to find certain facts and conclusions of law. The court received such requests, but wholly failed to pass upon

the same before the decision of the cause. In due time and before the decision was entered, the judge holding the court, on application of the attorney for the plaintiff, made an order directing the defendant's attorney to show cause why the court should not pass upon the requests of the plaintiff, as required by section 1023 of the Code of Civil Procedure. On the hearing of that motion the court declined to pass at that time upon the requests, but stated in the order upon its refusal that such findings would be passed upon on the settlement of the case. From that order this appeal was taken.

Section 1023 of the Code is as follows : "Before the cause is finally submitted to the court or the referee, or within such time afterwards, and before the decision or report is rendered, as the court or referee allows, the attorney for either party may submit, in writing, a statement of the facts which he deems established by the evidence, and of the rulings upon questions of law which he desires the court or the referee to make. The statement must be in the form of distinct propositions of law or of fact, or both, separately stated; each of which must be numbered and so prepared, with respect to its length and the subject and phraseology thereof, that the court or referee may conveniently pass upon it. At or before the time when the decision or report is rendered, the court or the referee must note, in the margin of the statement, the manner in which each proposition has been disposed of, and must either file or return to the attorney the statement thus noted ; but an omission so to do does not affect the validity of the decision or report."

By this section it was very plainly the duty of the court to have passed upon the requests at or before the time when its decision was rendered. Language could hardly be more explicit than that of this section, and it was irregular in the court to postpone the findings thereon until the case should be afterwards settled. But it appears in the papers before us that when the case was settled, the findings were not passed upon. The effect is that if the case goes beyond this court

the plaintiff is deprived of the right of review which section 993 of the Code was intended to preserve. Under these circumstances we think it our duty to suspend our decision upon the merits of the case and reverse the order appealed from, and direct that the proceedings be remanded to the court below, so that the requests may be passed upon, as required by section 1023, and that when passed upon the same be made part of the record as of the date of the decision of the case in the court below.