CALLANAN et al. v. GILMAN.

(Superior Court of New York City, General Term. May 7, 1888.)

1. COSTS—DENIAL IN COURT OF APPEALS—COSTS IN·GENERAL TERM.
   Where a judgment is modified by the court of appeals without costs, a motion for satisfaction of judgment upon tender of costs at special term, without the costs at general term is properly denied; no proof being given that costs in the general term were meant to be denied as well as costs in the court of appeals.

2. JUDGMENT—MOTION FOR SATISFACTION—TENDER OF AMOUNT DUE.
   On a refusal to satisfy a judgment on tender of the amount due, a motion for an order of satisfaction is the proper remedy.

Appeal from special term.

Motion of George F. Gilman for satisfaction of judgment on *remittitur* from court of appeals in the case of Lawrence J. Callanan and James A. Kemp against George F. Gilman, it being a bill for injunction. See 14 N. E. Rep. 264. Motion denied, and defendant appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Henry Schmidt* for appellant. *Edwin M. Wright,* for respondents.

FREEDMAN, J. At special term the plaintiffs had judgment for injunctive relief, with $164.20 costs. The general term affirmed the judgment, with $87.29 costs. On defendant's appeal the court of appeals modified the judgment. 14 N. E. Rep. 264. The material parts of the *remittitur* are as follows, viz.: "Whereupon the said court of appeals * * * did order and adjudge that the judgment of the general term of the superior court of the city of New York appealed from in this action to this court be and the same is hereby modified as stated in the opinion, without costs. And it is also further ordered that the record aforesaid and the proceedings, in this court be remitted to the said superior court, there to be proceeded upon according to law. Therefore it is considered that the said judgment be modified as stated in the opinion, without costs, as aforesaid." On reading and filing the *remittitur* an order was made at special term making the judgment of the court of appeals the judgment of this court, and modifying the original judgment accordingly, without costs in the court of appeals. The modification related to the extent of the injunctive relief granted by the judgment. The defendant thereupon tendered to the plaintiffs the sum of $164.20, with interest, as and for the costs of the original judgment, but declined to pay the costs of the general term judgment; and the tender having been for that rea-

son refused, the defendant moved for an order of satisfaction of both judg-
ments upon the deposit by him with the clerk of this court of the sum of
$164.20, with interest. His motion was denied at special term, and the pres-
ent appeal is from the order of such denial. The defendant has a right to
have his liability for costs beyond the amount tendered by him determined,
and a motion is the proper remedy. *Patten* v. *Stitt*, 50 N. Y. 591. So it
must be conceded that, inasmuch as the action is of an equitable character,
the court of appeals had full power to dispose of the entire action, and to de-
termine absolutely the question of costs. It therefore remains to be seen
what the court of appeals actually determined. On the motion below the
burden was on the appellant to establish the extent of such actual determina-
tion. By the tender of the costs inserted in the original judgment with in-
terest the appellant impliedly admitted that the court of appeals did not in-
tend that there should be no costs whatever. The actual intention on the
part of the court of appeals he was bound to substantiate by proof. The ev-
idence of such actual intention is to be found in the *remittitur* and the opin-
ion. They must be construed together, because the *remittitur* refers to the
opinion as the source from which the nature and the extent of the modifica-
tion is to be gathered. But the printed papers on the present appeal do not
contain the opinion, nor has the opinion been brought to our attention in any
other way. For all that appears, therefore, the court of appeals may have
intended to grant without costs in that court a modification which should not
interfere with the costs imposed below. The question seems to be a close
one, but under the imperfect disclosures of all the facts which bear upon it,
and in view of the fact that the order now under review was made by the
same learned judge who directed the entry of the order upon the *remittitur*,
I am not prepared to say that there is error in the order appealed from. The
order should be affirmed, with $10 costs and disbursements.

SEDGWICK, C. J., and O'GORMAN, J., concur.