MORRIS *et al. v.* WELLS.

(*Supreme Court, General Term, Fourth Department.* September, 1889.)

1. DECEIT—FALSE REPRESENTATIONS—FINDINGS OF REFEREE.
   A finding by a referee that a false representation by a purchaser was not relied on by a salesman is contrary to the evidence, when he also finds that the representation was made, and the salesman testifies, without contradiction, that he did rely on it, though it appears that the salesman's employers made other inquiries before the delivery of the goods.

2. REFERENCE—REFUSAL TO FIND—HARMLESS ERROR.
   In an action to rescind a sale on the ground that it was induced by the fraudulent misrepresentations of the vendee, an erroneous refusal of the referee to find that the misrepresentation was relied on is harmless, where it does not appear that the vendee knew the representation to be false when he made it, and that he made it with intent to defraud.

3. WITNESS—IMPEACHMENT BY PARTY CALLING.
   Where a witness testifies as to a former statement, "I might have sworn to it," the party calling him cannot ask, "If you did so swear, was it true?" as the effect of such question is to discredit his own witness.

4. SALE—RESCISSION—EVIDENCE.
   In an action against an assignee for benefit of creditors to recover goods sold to his assignors, on the ground that the assignors bought the goods with intent to defraud, the testimony of the assignor that he did not buy with intent to defraud is admissible.

5. SAME—ASSIGNMENT BY PURCHASER—INVENTORY.
   In such action the inventory of the assignors is admissible.

6. SAME—DECLARATIONS.
   The declarations of one of the assignors, made before the assignment, are not admissible in such action.

7. EVIDENCE—DECLARATIONS OF THIRD PERSONS.
   Statements of another, by which persons obtained credit, if made without their knowledge, are not admissible against them to prove fraud on their part.

8. APPEAL—REVIEW—HARMLESS ERROR.
   Though evidence be erroneously excluded, yet if it be subsequently introduced the error is harmless.

9. SAME.
   If evidence be erroneously admitted, the error is cured where the same facts are properly proven by other testimony.

10. SAME.
    A refusal of a referee to allow the question, "Did you believe this statement to be true?" is harmless, when the witness has testified that he had acted on the statement.

Appeal from judgment on report of referee.

Action of replevin by George Morris and Edmund Lewis against Edwin M. Wells, assignee of Scoville & Roe, to rescind a contract of sale made to his assignors, on the ground that the sale was induced by the fraudulent misrepresentations of the latter, and to recover the goods sold. Judgment was rendered against the plaintiffs, and they appealed.

On the trial the referee found that the plaintiffs were partners; that the defendant's assignors were also partners at the time of the sale of the goods.

referred to in the complaint; that the defendant was a counselor at law, doing business in the city of Syracuse; that on the 20th of September, 1887, Scoville & Roe made a general assignment for the benefit of their creditors to the defendant, which was accepted by him, and that he duly qualified and entered upon the discharge of his duties as such; that by said assignment preferences were made to the amount of $1,169.19; that the purchase of the goods in question was made in the usual and ordinary course of business, and was necessary for the business of the defendant's assignors; that the plaintiffs sold said goods relying upon a communication or report of the financial standing of Scoville & Roe made by the Wilber Mercantile Agency about April 13, 1887; that such communication was not based upon any statements or information furnished by or received from Scoville & Roe, or either of them, and that it was made without their knowledge or consent; that said goods were not purchased by Scoville & Roe with the preconceived design not to pay for them; that no false representations were made by them to the plaintiffs, upon which they relied, to induce the sale of the goods in question; that the value of the goods replevied was $233.32; that the title to such goods was in the firm of Scoville & Roe at the time of their failure, and passed to the defendant; that the damages for the detention of such goods was $9.33. The referee found as a conclusion of law that the defendant was entitled to judgment for the possession of the property in question, and, if it could not be recovered, then for its value, and the sum of $9.33 damages for its detention, with costs. The referee, at the request of the plaintiffs, also found, among other things, that in the month of April or May, 1887, Scoville & Roe purchased of the plaintiffs' agent the goods referred to in the complaint; that previous to taking the order and making such sale the agent made inquiries of Scoville, one of the assignors, regarding the standing and responsibility of such firm, and the members thereof, for the purpose of ascertaining the credit of said firm, and taking their order for the goods referred to in the complaint; that at the time of making such inquiries Scoville stated to said agent that he, Scoville, was personally worth $6,000; that such statement was false; that it was communicated to the credit man of the plaintiffs before the shipment of the goods in suit, and before the delivery thereof to the defendant's assignors; that on or about the 17th of August, 1887, between that day and the 4th of September of that year, the plaintiffs delivered to the defendant's assignors the goods so sold, and that the goods were received and accepted by them.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Samuel H. Wandell,* for appellants.   *C. V. Kellogg,* for respondent.

MARTIN, J. The only question relating to the findings of the referee, or to his refusal to find as requested by the plaintiffs, which we deem it necessary to examine arises upon his finding "that no false representations were made by Scoville & Roe to the plaintiffs, upon which the plaintiffs relied, to induce the sale of the goods in question," and upon his refusal to find "that plaintiff's agent relied on the said statement so made by Scoville that he was personally worth six thousand dollars, and sold the bill of goods referred to in the complaint upon the strength of such representation." The plaintiffs excepted both to the finding referred to and to the referee's refusal to find as requested. "Exceptions to alleged findings of fact, when they are unsupported by evidence, and to refusals to find, when they are established by undisputed proof, present questions of law, and are reviewable on appeal." *Bedlow* v. *Dock Co.,* 19 N. E. Rep. 800; *Bullock* v. *Bemis,* 3 N. Y. Supp. 390. The referee found that the goods in question were sold by the plaintiffs' agent; that at the time of the sale he made inquiries of Scoville, one of the vendees, as to the standing and responsibility of the firm and the members thereof; that Scoville stated that he was worth $6,000, and that such statement was

false. The undisputed evidence was that the agent relied upon such representations in making such sale. Woolston, the plaintiffs' agent, testified as follows: "I sold the bill of goods on the information I got from Scoville direct. The purport of it was that Scoville was individually good for six thousand dollars. * * * The conversation was to the effect that Mr. Scoville was personally worth six thousand dollars, and upon that I based my judgment in selling the goods." If the representations were made, and the referee has so found, then it is clear from the evidence that the plaintiffs' agent relied upon them in making such sale, and the learned referee erred in refusing to so find, and in finding to the contrary, although the plaintiffs made other investigations as to the responsibility of such firm and its members before shipping the goods. Nor can it be said that the findings contained in the referee's report are to control. Such is not the rule. If the findings are inconsistent, the appellants are entitled to the finding most favorable to them. *Redfield* v. *Redfield*, 110 N. Y. 671, 18 N. E. Rep. 373.

Assuming, as we must, that the referee erred in such finding and refusal to find, it follows that the judgment must be reversed, unless the error was a harmless one. The refusal of a referee to respond to a request to find is not a ground for reversal, unless such refusal was prejudicial to the appellant. *In re Hicks*, 14 N. Y. St. Rep. 320. While the findings of the referee and the undisputed evidence in the case establish the making of such representations, their falsity, and that they were relied upon in making such sale, still there is no finding of the referee nor conclusive evidence to the effect that such representations were known to be false when made, nor that they were made with an intent to defraud the plaintiffs; but, on the contrary, the referee refused to find that such sale was induced by the fraud of the defendant's assignors. Before the defendant's assignors could be found guilty of fraud, and the sale of the goods in question avoided on the ground of such representations, it was necessary to establish that the representations were known to be false by the person making them, and that they were made with an intent to defraud the plaintiffs. *Meyer* v. *Amidon*, 45 N. Y. 169; *Oberlander* v. *Spiess*, Id. 175; *Hubbell* v. *Meigs*, 50 N. Y. 480; *Wakeman* v. *Dalley*, 51 N. Y. 27; *Simar* v. *Canaday*, 53 N. Y. 298; *Stitt* v. *Little*, 63 N. Y. 427. There being no such proof or finding we do not perceive how the plaintiffs could possibly have been injured by such error, as, in the absence of such findings, the result must have been the same. Moreover, the plaintiffs submitted no request to find those facts. *Porter* v. *Smith*, 35 Hun, 118; *Graff* v. *Ross*, 47 Hun, 152. Our conclusion is that this error of the referee was harmless, and hence would not justify a reversal of the judgment.

On the trial the plaintiffs attempted to prove the declarations of one of the defendant's assignors, made at various times before the assignment. This evidence was objected to by the defendant. The objection was sustained, and the plaintiffs excepted. The plaintiffs contend that the referee erred in excluding that evidence. We think the ruling of the referee was justified by the authorities. *Truax* v. *Slater*, 86 N. Y. 630; *Bullis* v. *Montgomery*, 50 N. Y. 352; *Vidvard* v. *Powers*, 34 Hun, 221; *Flagler* v. *Wheeler*, 40 Hun, 125; *Flagler* v. *Schoeffel*, Id. 178. If these rulings were erroneous, still the plaintiffs were not prejudiced, as the questions were subsequently answered by the witness.

The plaintiffs called one of the defendant's assignors as a witness, who testified that he was employed by the defendant at a salary of $15 per week. He was then asked if he testified on an examination in supplementary proceedings as follows: "I suppose I am on a salary. There was no arrangement as to the amount I was to receive;" and he replied, "I might have sworn to it." This was followed by the question: "If you did so swear, was it true?" This question was objected to, and the objection was sustained. It is quite apparent that the only purpose of this evidence was to affect the

credibility of the witness by the proof of contradictory statements. As the witness was called by the plaintiffs, the evidence was not admissible for that purpose, (*Becker* v. *Koch*, 104 N. Y. 394, 10 N. E. Rep. 701;) if, however, the evidence was sought for any other purpose, the question in that form was objectionable, and the court in its discretion was justified in excluding the answer.

The defendant introduced in evidence the inventory of the firm of Scoville & Roe, under the plaintiffs' objection and exception. The ruling of the referee in admitting this evidence seems to be justified. *Adams* v. *Bowerman*, 109 N. Y. 23, 15 N. E. Rep. 874. Besides, the same facts were proved by the plaintiffs on a direct examination of the witness Scoville.

It was not error to permit the defendant's assignor to testify that he did not purchase the goods in question with intent to cheat the plaintiffs, or with an intent not to pay for them. *Seymour* v. *Wilson*, 14 N. Y. 567; *Cortland County* v. *Herkimer County*, 44 N. Y. 22. The plaintiffs asked the witness Woolston this question: "Did you rely upon this statement?" referring to the statement that Scoville was worth $6,000. This was objected to and excluded. If this was error, it was harmless, as the witness had already testified that "the conversation was to the effect that Mr. Scoville was personally worth six thousand dollars, and upon that I based my judgment in selling the goods. I sold the bill of goods on the information I got from Scoville direct. The purport of it was that Mr. Scoville was individually good for six thousand dollars." This evidence shows clearly that the plaintiffs' agent did rely upon such statement in making the sale.

Nor do we think the refusal of the referee to permit the witness Woolston to answer the following question: "Did you believe this statement to be true?" requires a reversal of this judgment, as he was permitted to testify that he based his judgment on that statement in selling the goods, which shows clearly that he believed it. The statement sent by Wells to the Wilber Mercantile Agency was properly excluded. It was not admissible. The defendant's assignors knew nothing of it, and were not shown to have any connection with it in any way. It was not evidence against them, nor was it proper evidence in the action against the defendant.

The counsel for the appellants has called our attention to 30 exceptions relating to the admission or rejection of evidence by the referee. Most of them seem not to have been deemed sufficiently important to merit any suggestion or remark by counsel, except to state the folio where found, and that they "were well taken." We have, however, examined them all. The preceding considerations apply to many and the most important of them. Our examination of the remainder has led us to the conclusion that they neither require special discussion nor warrant a reversal of the judgment.

We are of the opinion that the decision of the referee is justified by the evidence, and that no error was committed on the trial that would authorize any interference with the judgment appealed from.

Judgment affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concur in result.