SAMUEL S. MULFORD, as Receiver, etc., Appellant, *v.* ANNA
        C. YAGER *et al.*, Respondents.

*Supreme Court, Third Department, General Term, September* 21, 1889.

1. *Trial.   Findings.*—Section 1023 of the Code of Civil Procedure requires
   findings only upon issuable and determining facts.
2. *New trial.   Surprise.*—The question of a new trial on the ground of
   surprise must be largely one of discretion which is generally better
   exercised by the judge who tried the case than by an appellate court.

Appeal from judgment entered upon a verdict, after
trial before the court, dismissing the complaint upon the
merits.

Action brought by a receiver  appointed in supplementary
proceedings to set aside conveyances as fraudulent as against
creditors of John C. Yager, the judgment debtor.   Plaintiff's
evidence tended to show an arrangement to transfer the
property for the purpose of defrauding the judgment creditor;
while the defendant, Anna,  to whom the conveyances were
made, testified that the property had been paid for by money
which was given to her  by  persons  other than her husband,
except a portion which was realized by a sale of a part of the
property,  and claimed to have been the equitable owner.   A
jury was impanelled which found for  the  defendant on the
question of fraud.

*James B. Olney*, for appellant.

*John J. Linson*, for respondents.

LEARNED, P. J.—This is an  action brought  by a receiver
appointed in proceedings supplementary against John Yager,
to set aside as fraudulent two conveyances, one made by John
Yager to Schoonmaker, and the other of  the  same property

by Schoonmaker to Anna C. Yager, John's wife. The ground is that the conveyances were made with intent to defraud the judgment creditor.

The conveyances were made in August, 1873 ; the judgment against John was recovered in January, 1876, the action had been commenced in September, 1873, and such recovery was for $55.12 damages and $178 costs.

The present action was commenced in September, 1885. On the trial a jury was drawn and evidence was given on both sides. At the close of the case the court, without objection, submitted to the jury the question whether the conveyances were made with intent to defraud. The jury found in the negative.

The court thereupon found the formal facts of the recovery of the judgment and the appointment of the receiver, and of the conveyances, and further found that the conveyances were not made with intent to defraud.

The plaintiff asked the court to find nineteen propositions of fact and five of law. The court declined to find on these propositions on the ground that it had directed judgment on the verdict. Perhaps it should be more accurately said that the court had adopted the finding of the jury.

This refusal to find is urged as error. Assuming for the present that § 1023 applies to a case triable by the court, but in which a jury is impanneled to pass on some issues, still I am of the opinion that no error was committed. That section does not require a judge to find upon every piece of evidence offered, but to find upon facts put in issue.

Looking over the propositions of fact which the plaintiff requested the judge to find, we shall see that so far as they were material they were matters of evidence which bore, or might be thought to bear, on the question of fraud in the conveyances. Of themselves they determined nothing. The facts on which the court is required to pass must be those which, when found, determine the result as a matter of. law.

When it is found as a fact that there was no intent to defraud in the execution of the conveyances, it follows as a matter of law that the plaintiff cannot recover. The numerous matters to which the plaintiff called attention in his nineteen propositions many of them tended to show fraud. On the other hand there were other matters in the case which tended to disprove the intent to defraud. It is the part of the tribunal (judge or jury) which tries the case to settle the fact of fraud or no fraud upon these conflicting matters. And the court is not called upon to find, as to everything testified to, whether he found it to be true or false.

It may not always be easy to draw the line between " facts " and " evidence," as the words are used in legal matters. Sometimes, indeed, the word " facts " is used so as to include matters which are really but the evidence of the facts in issue. But I do not think that the section above cited was intended to require the judge to pass upon the truth of every piece of evidence to which either party should choose to call his attention. This would be intolerable and of no use.

I think, therefore, that there was no error in this respect.

On the merits of the case, after carefully looking at the whole testimony, I think we should not be justified in reversing the finding of the jury and of the trial court. The question of fraud, being purely one of fact in such cases as the present, is best disposed of by the tribunal which has seen and heard the witnesses. It is true that there are some suspicious circumstances, but explanation of them is given. And the jury were satisfied that the transactions attacked were honest. The question of a new trial on the ground of surprise must be largely one of discretion and that discretion is generally better exercised by the judge who tried the case than by an appellate court. The judgment and order appealed from should be affirmed, with costs.

LANDON, J., concurs.

Ć

NOTE ON " MOTION FOR NEW TRIAL ON GROUND OF SURPRISE."

Surprise as a ground of motion for a new trial must be upon the facts, and not upon the judge's rulings on points of law. Anderson *v.* Market Nat. Bank, 66 How. 8.

The practice of allowing new trials on the ground of surprise includes only matters of fact requiring to be sustained by affidavits or other proofs presenting circumstances not appearing upon the trial and tending to show that, by contrivance or design, or some unexpected occurrence, the party making the application has been prevented from bringing forward his proof and trying the cause as he may have the ability to do, or that he has been misled by some unanticipated circumstance first arising during the progress of the trial. Woolley *v.* Stevens, 17 W. Dig. 382.

As to when a motion for a new trial on the ground of surprise should be denied, see Foster *v.* Easton, 50 Hun, 603.

Evidence within the issues framed cannot be urged as a surprise. Cole *v.* F. B. Coal Co., 57 Hun, 585.

Where a party is surprised on the trial by unexpected evidence he may, if the plaintiff, withdraw a juror, and, if the defendant, move for a postponement. Id.

The question of a new trial on the ground of surprise, is largely one of discretion. Mulford *v.* Yager, 54 Hun, 633.

Want of recollection of a fact, which by due attention might have been remembered, is not a ground for granting a new trial. Wilcox *v.* Joslin, 32 N. Y. St. Rep. 423.

Where the only surprise appears to have been as to the unexpected effect produced by the evidence upon the mind of the court, a new trial on the ground of surprise should not be granted. Matter of Ramsdell, 51 Hun, 636.

A new trial, in an action for damages for negligence, on the ground of surprise upon the trial from the proof of the plaintiff's injuries, was refused in Seaman *v.* Koehler, 46 Hun, 681. The claim of surprise, which was not put in at the trial, was based merely on the unexpected strength of plaintiff's testimony and on the opinions of physicians. Id.

Where the illness of counsel, who conducted the trial, was not of such a character as to incapacitate him, it was held that a new trial would not be granted on the ground of surprise. Simmons *v.* Murray, 1 N. Y. St. Rep. 85.

A party, who is surprised on the trial by the production of a release, should move to withdraw a juror and thus arrest the trial, and not proceed and take the chance of success, unless good reason appears. Soule *v.* Osterhoudt, 20 W. Dig. 67.

In Grupe *v.* Brady, 51 Supr. 513, the plaintiff moved for a new trial on the minutes. This motion was denied. After a case and exceptions had been settled, he moved for a new trial on the ground of surprise and newly

discovered evidence, as well as on the case and exceptions. It appeared that the evidence claimed to have surprised the plaintiff was brought out mainly on his cross-examination. It was held that the motion was properly denied.

So, a motion is properly denied, where it is made for a new trial on the ground of surprise, and it is doubtful from the affidavit whether the party discloses a case of surprise. Wittaker *v.* N. Y. & H. R. R. Co., 51 Supr. 520.

See further on this point, Katz *v.* Atfield, 41 N. Y. St. Rep. 459; Dillingham *v.* Flack, 63 Hun, 629.