IN THE MATTER OF THE JUDICIAL SETTLEMENT OF THE ACCOUNTS OF ABNER MELLEN, JR., AND WILLIAM C. BANNING, AS EXECUTORS OF THE WILL OF ABNER MELLEN, DECEASED.

ABNER MELLEN, JR., APPELLANT, v. ABNER M. WILCOX AND WILLIAM C. BANNING, CONTESTANTS, RESPONDENTS.

*Referee appointed in a Surrogate's Court — bound to pass upon requests to find — presumption of prejudice from the improper rejection of evidence — impeaching a witness.*

Where, upon an accounting in the Surrogate's Court, a reference is ordered by the surrogate to a referee " to inquire into the necessary jurisdictional facts, to examine said account and objections, to hear and determine all questions arising upon the settlement of said account which the surrogate has power to determine, and to make report to the court with all convenient speed," it is the duty of the referee to pass upon requests made to him to find any matters of fact claimed to have been established by the evidence.

This is so, although the determination of the referee is subject to the approval or disapproval of the surrogate; and it is the duty of the surrogate, upon an application made to him, to require the referee to pass upon the requests submitted to him, and a refusal of the surrogate so to do would be sufficient ground for setting aside a decree made by him upon the report.

Where material and competent evidence is improperly excluded by the surrogate, it will be presumed, on appeal, that the ruling rejecting it was prejudicial to the appellant.

A party producing a witness is not entitled to give evidence tending to establish a bias on the part of the witness against the party calling him, and thus tending to impeach him.

APPEAL by Abner Mellen, Jr., from a decree of the surrogate of the county of New York, filed in the office of the said surrogate on the 16th day of July, 1889, confirming the report of a referee and overruling exceptions filed with reference to the form of the findings of the said referee, as well as all the other exceptions filed, on objection of said Abner Mellen, Jr.

*Frederick M. Evarts*, for Abner Mellen, Jr., appellant.

*George Hill*, for Abner M. Wilcox and William C. Banning, contestants, respondents.

DANIELS, J.:

The appellant, Abner Mellen, Jr., together with William C. Banning, were, at the time of the proceedings before the surrogate,

the executors of the will of Abner Mellen, deceased. A petition was presented to the surrogate for the settlement of the accounts of himself and the other executor of this estate. In his account he acknowledged himself to be indebted to the testator in the sum of $53,116.67, with interest from January 1, 1887. And this indebtedness was directed to be divided and distributed in the decree made by the surrogate. But it was objected, on behalf of the other executor and a legatee under the will, that the appellant was indebted to the estate in the further sum of $77,000, and that this amount should be charged against him in the settlement of his accounts. He contested the existence of this indebtedness, and an order was made by the surrogate referring the dispute to a referee "to inquire into the necessary jurisdictional facts, to examine said account and objections, to hear and determine all questions arising upon the settlement of said account which the surrogate has power to determine, and to make report to the court with all convenient speed." No objection on the part of either party seems to have been taken to this direction of the reference, which was made under the authority of section 2739 of the Code of Civil Procedure. And the referee afterwards heard the evidence produced by the parties, and finally determined and concluded that the appellant was indebted to the estate in the sum of $77,000 upon promissory notes not at that time due. These notes were nine in number. The first was to mature and become payable in five years after its date, which was the 28th of January, 1885. And each of the others was to mature, from time to time, after that, the last to become due in thirteen years from its date. The surrogate confirmed the report of the referee in this and the other repects included in it, and this appeal has been taken mainly from that part of the report and decree charging the appellant with this sum of $77,000.

Requests were presented in his favor to the referee, for the finding by him of certain matters of fact deemed to have been established by the evidence, but the referee refused to take any action upon either one of these requests. This was an irregularity certainly on his part. For by section 2546 of the Code of Civil Procedure, the provisions of that act, applicable to a reference in the Supreme Court, apply to a reference of this description directed by the surrogate. And by section 1023 of the same Code, either party upon a reference in the Supreme Court is entitled to submit in writing a

statement of facts which he deems established by the evidence, and of the rulings upon questions of law which he desires the referee to make. And at or before the time when the decision or report is rendered the referee has been directed to note in the margin of the statement the manner in which each proposition has been disposed of. This direction is mandatory, and should have been complied with by the referee, for the dispute concerning the accounts was referred to him to be heard and determined by him. It is true that his determination was still subject to the approval or disapproval of the surrogate, but that did not exonerate the referee from complying with these sections of the Code of Civil Procedure. His decision when it was confirmed became the decision of the surrogate also, who was not required to go beyond the confirmation, or modification, or disaffirmance of the report. The findings of fact and law were to be made by the referee himself. (*Matter of Niles,* 47 Hun, 348.) And if an application had been made to the surrogate to require the referee to pass upon the requests submitted to him, and that had been refused, the appeal from the decree and order made would have required the decree to be set aside and an order made requiring the referee to comply with these directions of the law. (*Boughton* v. *Flint,* 74 N. Y., 476.) But that was not done, but the report was brought before him, together with the evidence, to be disposed of as in his judgment would appear to be justified. And by the decree that disposition was made of it. And this was a substantial waiver of the irregularity of the referee in refusing to pass upon the requests presented to him by the counsel for the appellant. In this respect the practice has not been changed, but it remains to be observed and enforced as was 'sanctioned in the authority already mentioned.

Upon the hearing before the referee it appeared that a demand note was first given by the appellant to the testator for the amount owing to him, and that afterwards this was changed and the notes already mentioned payable at future periods of time were taken for the indebtedness, thereby dividing it into installments. These notes were stated to have been deposited in one of the safes at the place of business carried on by the deceased, together with the appellant and another person, up to the 1st of May, 1885, when the testator retired from the business. With these notes was also a memorandum

or statement of each of them showing the aggregate amount to be the sum of $77,000. The testator died on the 27th of May, 1887. And it was insisted on behalf of the other executor and the legatee objecting to the accounts of the appellant, that he had taken these notes, together with this statement, from the safe and had canceled the notes by drawing a line through his own name subscribed to each of them. Upon his part this was disputed. And, to answer the case made against him, evidence was given for the purpose of showing, and having a tendency to show, that the notes had probably been surrendered to him by the testator in his lifetime. And it was upon this alleged gift of the notes that the hearing proceeded and was determined by the referee, and finally by the surrogate. To sustain the objection made against the accounts of the appellant, evidence was given to prove the fact to be that he had access to the safe in which the notes and the statement had been deposited. There was some diversity in the evidence as to the particular safe in which the deposit of these papers was made. But the general evidence given on behalf of the contestants tended to prove that the appellant did have access to this deposit, and probably in the manner alleged removed the notes and the statement after the decease of the testator. On his part evidence was obtained from the witness Campbell that the notes and statements were contained in the safe designated by him as No. 1. And he was asked whether the appellant knew the combination of that safe. This was objected to on the part of the contestants as incompetent and immaterial. And the referee sustained the objection and excluded the evidence, to which the counsel for the appellant excepted. This offer upon his part was entirely competent. For if he did not know the combination of the safe, then that fact would tend to produce the conclusion that he might not himself have taken the notes and the statement from the safe. The evidence proposed to be given would have directly affected the substantial part of the controversy concerning these notes, and it clearly should have been received as it was offered by the referee.

The evidence was not only competent, but it was decidedly material proof on the part of the party offering to produce it. It has been urged, however, on behalf of the respondents, that the decree and report should not be set aside on account of the exclusion of this evidence, for the reason that section 2545 of the Code of

Civil Procedure has declared, that the decree of the surrogate shall not be reversed for any error in admitting or excluding evidence, unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby. But this enactment cannot have the effect of obviating this objection. For it is to be presumed, as the evidence was both material and competent, that the ruling rejecting it was prejudicial to the appellant. There was no such preponderance in the evidence received as would necessarily support the conclusion that the notes and statement had been abstracted from the safe by the appellant after the decease of the testator. The fact, on the contrary, was closely contested. And this evidence could not have failed to have afforded at least some assistance to the appellant in resisting the objections which were made. And where that appears to be the condition of the case, the evidence should be received. For it is to be presumed in the disposition of the exception that the evidence proposed to be given would have been obtained from the witness. The construction required to be placed upon this part of the section was considered in *Matter of Smith* (95 N. Y., 516), where it was said, in the course of the opinion, that if the evidence " rejected was important and material, and the court cannot say that notwithstanding the error the judgment is right, or if it entertains a reasonable doubt upon the subject, then we conceive a case is presented where the party excepting was necessarily prejudiced within this section. He was deprived of the opportunity of having his case decided upon the competent and material facts, and it is not a just answer to say that on a retrial the same conclusion may possibly be reached." (Id., 527, 528.)

A witness was produced and examined on behalf of the objection made to the appellant's account, who gave material testimony tending to support the objection, and also evidence not entirely favorable to the theory on which the account of the appellant was assailed. When the appellant, who was sworn and examined as a witness in his own behalf, was cross-examined, he was asked whether he did not transfer his interest in his father's real estate devised to him by the will, and in his mother's share of that real estate, to Lawrence E. Ellis, the witness already mentioned, and whether he had not afterwards transferred the same to the wife of the appellant. This was objected to on the ground that it was not material and not addressed

to any issue in the case. And the counsel for the respondents replied that it was evidence bearing upon the relation of the appellant with the witness Ellis, and the bias or interest of that witness in his favor. And the objection was then overruled and the evidence received, to which an exception was taken. The object of this evidence, from the announcement made by the counsel, was, in part, to discredit the evidence of the witness Ellis. And that the respondents were not entitled to do. For he had been placed upon the stand and examined quite at large as their witness. And when a witness has been produced and examined in this manner, the party producing him is not afterwards entitled to give evidence tending to impeach him. Evidence may be given to prove the facts to be different from that obtained from the witness. And his mistakes or misstatements may be corrected by other proof. But the party producing the witness cannot go so far as to introduce evidence tending to impeach him. (*Pollock* v. *Pollock*, 71 N. Y., 137, 152; *Coulter* v. *American, etc., Ex. Co.*, 56 id., 585; *Tice* v. *Dromgoole*, 33 Hun, 365.) And evidence tending to establish a bias on the part of the witness against the party calling him is testimony tending to impeach him. For hostile or prejudicial feelings may, in a proper case, be proved for this object. (*Schultz* v. *Third Ave. R. R. Co.*, 89 N. Y., 242, 24·, 249; *Miles* v. *Sackett*, 30 Hun, 68.)

Such evidence may always be given by the party against whom the witness is sworn and examined, to discredit his testimony either wholly or partially, but that cannot be done by the party in whose favor the witness has been produced, sworn and examined. The transactions to which reference was made, and concerning which the answers of the witness were obtained, were in no respect relevant or pertinent to the issue in the proceeding, and their only object or effect in the case would be to prejudice the appellant by diminishing the effect of the testimony of the witness so far as it was in his favor. How far it may have operated adversely to him there is no means from the case of ascertaining; but, inasmuch as the disposition to be made of it required a critical consideration of the evidence, it may be presumed that the appellant was prejudiced by the introduction of this testimony.

Ordinarily a party securing erroneous rulings in his favor is not entitled to favorable consideration upon the position afterwards

taken that the case might very well have been disposed of, even if the evidence rejected had been received, or that which should have been rejected was not allowed to be introduced, for the adverse party is entitled to have all the admissible proof obtainable by him given upon the hearing, and to have that rejected which may appear not to be admissible; and where that course has not been pursued the case must be reasonably clear at least to warrant the conclusion that the party against whom improper rulings have been made has not been injured or prejudiced.

These exceptions are sufficient to require another hearing of this contested proceeding, and the decree of the surrogate should be reversed, and the report of the referee set aside, and a further hearing of the case directed in the Surrogate's court, together with costs to the appellant to abide the final event of the proceeding.

BRADY, J., concurred.

VAN BRUNT, P. J. (dissenting):

I cannot concur in the conclusion arrived at by Mr. Justice DANIELS in this case. The refusal to find the evidence, called conclusion of facts, was not error. Most of the requests were to find evidence, and such as did not call for the finding of evidence do not appear to have been material; neither a court or referee is bound to find the evidence leading up to a conclusion of fact. It is the conclusion which he may be required to find, not the evidence establishing it. The exceptions to the exclusions of evidence by the referee cannot be considered, because it does not appear that these questions have been presented to the surrogate in a manner calling upon him to pass upon the same.

There was no exception filed upon the ground that the referee refused to hear testimony which was material, and consequently no such question was before the surrogate; and if this is so, it cannot be considered here. (*Boughton* v. *Flint*, 74 N. Y., 484.)

The decree should be affirmed, with costs.

Decree of the surrogate reversed, and the report of the referee set aside, and a further hearing of the case directed in the Surrogate's Court, together with costs to the appellant to abide the final event of the proceeding.