McAdam, J.
Until the ruling in Schultheis v. McInerny [Gen’l Term, Supreme Court, 27 Abb. N. C. 193; 13 N. Y. Supp. 684], the time-h'onored practice was for the referee to find such facts as he deemed necessary to sustain his conclusions, and to pass upon the requests submitted by the adverse party. Both were printed in the appeal book, and the case was disposed of as if all the findings had been written upon one sheet •of paper. This practice worked well; while the innovation compels the referee to put together a mass •of matter not necessary to sustain his conclusions, and to an extent inharmonious as well as cumbersome. The referee may be innocently led into tautology and verbiage. Many of the findings which the defendant ■asks to have inserted in the report are repetitions of findings already in the report, with verbal alterations. Judges would not permit their opinions to be marred in this way, nor would they consent that the requests to charge in a railroad case be interpolated into their charge as delivered to the jury in the first instance.
It is putting upon trial judges and referees a work •of supererogation which has little to commend it. *202 Some requests are refused—others granted. To select, those from the -mass and insert them literally wbuld lead to the introduction of sufficient disjointed matter to destroy the harmony of well arranged findings.. Notices of settlement, resettlement and of motion follow as a consequence, until chaos takes the place-of order, and verbiage the place of well written English.. The requests to find in favor of a defeated party are-made with a view to support a result opposed to the-conclusion reached, and it is a difficult task to endeavor to produce harmony by playing two different tunes on the same fiddle at the same time. The rule is one of practice—of form rather than of substance—which each court may regulate for itself, and until this court adopts-the new rule promulgated by the supreme court, it is-well to follow the old practice.
Motion to set aside report of referee or to send the-matter back to him with directions to amend his report, denied, but without costs.
Note on the Necessity and the Proper Form of Findings, and of Requests to Find, and Refusals Thereof, in Actions Tried by the. Court without a Jury or by Referee.
Since publication of the note touching this question in 23 Abb. N. C. 282, a number of decisions have been made bearing on it, and the conflicting views presented by the-cases in the text suggest the importance of collating these-later cases.
I. Necessity of findings to support a mere non-suitor dismissal.} Recent opinions of the court of appeals in both divisions are to the effect that in every case where the judgment is founded in any part upon evidence, even though it only be a non-suit or dismissal for want of sufficient evidence, there must be a decision filed ; (cases 1, 2), and these cases, coupled with others in the courts below (cases 3, 4), must be deemed to settle the controversy which had prevailed on that question (cases 5, 6).
II. What should be found,—on non-suiti\ On granting a non-suit or dismissal of complaint at the close of the plaintiff's case, upon the ground that assuming all disputed ques *203 tions of fact in the cause in plaintiff's favor, he has not made a case sufficient to go to a jury, the decision should make no findings except such as justify the non-suit or dismissal,, that is to say except such as are sustained by undisputed evidence. There is no occasion for any findings of facts-depending upon disputed or inconclusive evidence (case 7).
On the other hand if there is evidence sufficient to go to a jury, the judge or referee must not non-suit or dismiss the complaint as for insufficiency of evidence, and if he does, it is-reversible error. He must determine the effect of the evidence, and decide the case on the merits one way or the other, so that the judgment will be a bar (case 8).
III. What should be found, or may be refused, in generally The cases are- to the effect that the judge or referee may refuse to find facts which are not facts constituting the cause of action but mere evidence (case 9), so also of the lack of evidence to support a fact claimed by the adverse party (cases 10,16), or a refusal to produce evidence (cases 10, ix), for these are merely evidence upon which if he found at all, he should find the fact inferred therefrom.
So also a judge or a referee cannot be required to find in the form of abstract propositions the successive'steps of reasoning by which he reaches the result (case 12).
So also it is not reversible error to refuse to find on a question of fact within the issue, if, in the opinion of the: appellate court the question is not material, that is to say such that its determination either way cannot affect títeres u It, as where other findings of fact necessarily control. For instance in an action for damages for deceit, if there is a finding on sufficient evidence that plaintiff did not rely on the representations and was not damaged, a refusal to find that the representations were false and made with intent to-deceive, is harmless to plaintiff (cases 13, 14).
And the omission to find a fact which is necessarily involved in or necessarily results from other facts found— may not be fatal (case 15).
If findings of fact are inconsistent, the unsuccessful party is usually entitled to claim the benefit of that most favorable to him. If a finding which can properly be deemed a conclusion of law rather than of fact, is inconsistent with findings-of fact, it is disregarded (case 16).
IV. Form of requests j and of exceptions^ The language of some of the cases indicates the existence of an impression that requests are to be general, for a finding on a specified question, and not specifically to find in a specified way ; and that a refusal to find as requested is not a ground of exception.
*204 But it now seems to be settled that requests may specify the precise finding desired (case 17), and that if the finding requested is one that the evidence requires as matter of law, refusal to so find is error available on exception (case 18). Still if a requested finding is double, it is not error to refuse the whole if any part of it is not matter of right (case 19).
If a finding made is double, a general exception will be disregarded if either branch of the finding is sustainable {case 20). But an exception which specifically points separately to each part of a finding may be treated distributively, as so many separate exceptions, if so expressed as to be plain that it was not intended as a sweeping exception “ to each and every part " of the finding indiscriminately, but as aspecific pointing out of error in each several part (case 20a).
In other words, if a request to find contains more than one fact, and it is refused, the refusal is not error if either fact is not established ; but if the request is granted and either fact is not established, an exception to the finding is not availing 'unless the exception specifies the several facts with sufficient distinctness to point specifically to the erroneous one. A general exception to the finding and each and every part thereof, is not enough. If any part is authorized by the evidence, the exception is unavailing.
V. Settling the findings for judgment^ The labor of drawing up the decree to be made in an equity cause,—in other words giving expression to the conclusions of the court, was originally a function of the court, performed by its registrar or clerk, at the instance of the successful party. When the registrar or clerk formulated the decree, he proceeded according to notes made by the chancellor (or taken down by the registrar when the chancellor announced the decision,) and according to the pleadings, formal admissions or consents if any, briefs if necessary, and affidavit of service on any defendants in default.
When our court of chancery, which had inherited this ■system, was abolished, and its jurisdiction transferred to the supreme court, and one mode of trial provided both for ■common law in which jury trial was waived, and for equity causes of right triable before a jury, the offices of registrar, assistant registrar, and clerks in chancery were abolished, the registrar being however directed to settle the terms of ■decrees in certain unfinished causes, and certify them to the proper county clerk. Jud. act of 1847. And the Code of Procedure (1848) provided that “ upon a trial of a question of fact by the court, its decision shall be given in writing, and filed with the clerk, within twenty days,” etc.
It became well settled under the Code, in accordance *205 with the principles of the former practice, that the opinion which a judge or referee may render is not his “ decision ; ” the decision must state facts found so far as those facts are material to support the intended judgment, and must state separately the conclusions of law drawn from those facts, and that a mere direction to enter a particular judgment, or a judgment formally drawn up with an allocatur or allowance of it indorsed, is not enough.
Under the provision of the Code, however, it was contended that the decision must be prepared by the judge; but the court held, in a hotly contested case, that it was not improper for the judge to ask the party in whose favor his opinion was to prepare findings for him to sign, and that the unsuccessful party was not entitled to be" present. (People v. Albany & Susq. R. Co., 8 Abb. Pr. [N. S.] 122, aff’d in 2 Lans. 459 ; s. c., 57 Barb. 204).
One party being thus allowed to formulate the decision without notice to the other, of course led to the constant attempt of the other to get a modification of such decision ; and many embarrassments in practice arose from the frequency with which the unsuccessful party desired not only to review the conclusions of fact actually found, but also the failure of the judge or referee to make other findings of facts which the attorney deemed important to his case, either as inconsistent with those found, or as avoiding their effect. This led to finally adopting the practice of presenting on the settlement of a “ case ” for appeal, requests for further findings ; and an erroneous and prejudicial refusal of such a request would avail on appeal. Such a practice inevitably involved a sort of re-argument of critical points.
On the adoption of the Code of Civil Procedure, in lieu of the former Code of Procedure, it was sought to avoid the inconveniences of this practice by a provision that either party might, before the decision or report is rendered (that is to say, as of course before final submission,—and thereafter and before decision, by leave of the court or referee or by consent) submit requests to find ; and requiring the court or referee at the time of rendering decision, to note his ruling upon each set of requests, and return it to the party or file it (cases 21, 22).
Where requests are presented by the respective parties, in ignorance of the view which the court or referee takes of the cause, they are frequently unnecessarily multiplied, timid or doubtful attorneys often resorting to the expedient of ringing a number of variations on substantially the same request, so as to present many propositions differing in minor and perhaps immaterial respects, in the hope that one may *206 be approved if others are not ; and the judge or referee ■often meets this device by noting “refused except as already found.’’ The result is that even where the court or referee, or the prevailing party, sees to it that a proper decision or report is rendered containing only the findings material to support the judgment directed, the adjudication is encumbered with other findings often including a mass of repetitions and evasions which enhance the labor of the appellate ■court, and waste the time of counsel on the argument.
Under the provision of the Code requests to find are unavailing after decision or report ; but it has been a not Infrequent practice for the court or referee to render an ■opinion, and give the parties time thereafter to present requests with due regard to the view of the case taken in the opinion. Such a practice, however, has recently been ■disapproved by the supreme court (case 23).
VI. The resultl\ The result of the most recent cases seems to be that the judge or referee should receive all the requests to find before intimating his opinion ; that he should then draw up or allow the successful party to draw up his •decision, which must contain all the findings of fact, and all the conclusions of law which he makes, whether at the request of a party or upon his own view of the case, and whether necessary to sustain the judgment, or only to enable the unsuccessful party to have a review, provided only that they are within the issues made by the pleadings, or within those issues as interpreted or enlarged by the course of ■counsel on the trial ; and that if he does not do so the court may grant a motion compelling him to (case 24 and text). That a party who has made requests is entitled to have them returned with a note of the manner in which the propositions have been disposed of. The decision or report must direct judgment,* which according to the doctrine of the cases in note on p. 216 of this volume may recite such of the findings as are material to the judgment, omitting or expressly excluding others; and that if the judgment directed does not thus define and limit the adjudication, the court may -correct it on motion but will not reverse it on appeal for want of such correction.

Notes of Cases.

1. In Place v. Hayward, 117 N. Y. 487,4925 s. c.,27 State Rep. 710, is a dictum that under the Code a referee is required to make findings of fact and of law after granting a non-suit.
*207 2. Wood v. Lary, 124 N. Y. 83. Action to have a mortgage ■ cancelled. After issue the cause was brought on for trial before a ■court without a jury, and at the close of plaintiff’s case defendant moved to dismiss the complaint. Decision reserved. Subsequently the court granted the motion, and judgment was entered of dismissal on the merits. Held, that the appeal must be dismissed for failure of the judge to file a decision. This may not be necessary when complaint is dismissed before introduction of testimony, or where judgment is rendered on the pleadings! The court add
But in any and every case triable before a court without a jury or heard by a referee, if any evidence be presented, a decision stating separately the facts found and the conclusions of law based thereon must be made. If it be not done, the judgmentcannotbereviewed. Bridger v. Weeks, 30 N. Y. 328.” And held further that plaintiff’s protection should have been secured by submitting requests to find ; and not having done so, he could not appeal.
3. People ex rel. Colton v. Ranson, 2 State Rep. 78. Here Daniels, J., said that in all cases of a trial by the court, there should be findings of fact and law, although the complaint is dismissed ;— . but the case at bar was a dismissal upon a finding on evidence ■establishing the defense set up in the answer that there was a defect of parties.
4. And see Putzel v. Shulhoff, 29 State Rep. 26; s. c., 8 N. Y. Supp. 651; 57 Super. Ct. 505. Creditor’s suit by receiver in supplementary proceedings. The cause was tried by court without a jury. Requests to find presented and passed upon, but no decision filed ; yet judgment was entered for plaintiff prescribing the relief. Held, that the judgment was not authorized for want of a decision, and that it was also erroneous on the merits in some respects ; therefore reversed, and the cause remanded to the special term to be decided as required by § 1022.
5. Rouseau v. Bleau, 29 State Rep. 334; s. c., 8 N. Y. Supp. 823. Creditor’s suit tried at circuit in the presence of a jury, but as an ■ equity cause the court being aided by the jury, under the peculiar practice in the third department. At the close of plaintiff’s testimony, defendant moved for a non-suit on the ground that assuming all the inferences of fact in plaintiff’s favor, he had made out no • case. The court directed dismissal upon the merits with costs ; and judgment thereon was afterward signed by the clerk, but no findings ■of fact or conclusions of law were formulated,—held on appeal, that ■the practice was regular, for there being no affirmative relief but ■only a dismissal, there was no need of formal findings of insufficient *208 facts and a formal conclusion that they were insufficient; but the judgment was reversed on the ground that evidence was sufficient to make a prima facie case.
6. In Noyes v. Morris, 56 Hun, 501; s. c., 31 State Rep. 608; 10 N. Y. Supp. 561, it was held on appeal from a judgment in a creditor's action, entered on dismissal of the complaint at the trial after plaintiff’s evidence had.been heard, defendant’s motion being made when plaintiff rested his case,—that the judge has a right to dismiss-the complaint where there is no evidence entitling plaintiff to recover, and need not formulate findings of fact and conclusions of law. Mayhem, J., delivering the opinion of the court, says the practice has been settled that where an equity case is tried by the court, with a jury impanelled for the purpose of passing upon such disputed facts as the court may submit to it, if on the whole evidence the judge determines that the plaintiff has failed to make a case, his decision dismissing the complaint is a sufficient finding of fact and determination of law arising upon them, and the signing by the clerk is substantial compliance with the provisions of § 1022 of the Code of Civil Procedure.
7. Place v. Hayward, 117 N. Y. 487 ; s. c., 27 State Rep. 710. Here upon a trial before a referee, the defendant at the close of plaintiff’s evidence, without announcing that he rested his case, moved for a dismissal of the complaint on the merits, which was granted. Held, that to sustain the decision it must appear that there was no disputed question of fact, which, upon a jury trial, the court would have been required to submit to the jury.
8. Scofield v. Hernandez, 47 N. Y. 313.
9. Mulford v. Yager, 17 Civ. Pro. R. 371; s. c., 26 State Rep. 40; 7 N. Y. Supp. 88. Creditors’ suit by receiver in supplementary proceedings, tried by the court with the aid of a jury, to whom the question of intent to defraud was submitted as a question of fact, on which they found in the negative. The judge thereupon found as facts, the existence of judgment, the appointment of plaintiff as receiver, the making of the conveyances, and that the conveyances were not made with intent to defraud. Held, not error to refuse defendant’s request to find on propositions of fact which so far as they were material, were really matters of evidence bearing on the question of fraud, because fraud as a fact had already been determined on the evidence.
10. Matter of Fithian, 25 State Rep. 556; aff’g 19 Id. 690. Appeal from surrogate’s decree on accounting where it was sought to charge the executrix with moneys of a third person, traced to *209 the testator’s possession. The referee found that testator received the moneys and deposited them in his own bank account, and that there was no evidence as to the disposition by him of the balance claimed, and that the executrix refused to produce his bank books; and as a conclusion of law,—that there being no such evidence, etc.,, the balance was presumed to have come into the possession of his. legal representatives. Held, error, for the representative’s possession was a question of fact not determined by a finding that there: was no evidence, and the so-called conclusion of law was not a conclusion of law but an inference or argument.
11. A finding that there is no evidence on a certain point is not a conclusion of fact, but is simply a statement of something that has not occurred during the trial, and such a finding has no place as a finding of fact. The same is true of a finding that a party, although in possession of documents, refused to produce them in evidence: it is a conclusion upon nothing, and is a mere statement of evidence. If, from the fact of the non-production, any conclusion is to be drawn, that is the proper subject of a finding. Id.
12. Werfelman v. Manhattan R. Co., 32 State Rep. 682. The rule in Newman v. Manhattan R. Co., 30 State Rep. 36, and Doyle v. Manhattan R. Co., 29 Id. 139, that benefits accruing from an elevated road are to be set off against damages, does not render ¡t error for a trial judge to refuse to find that rule as an abstract proposition.
13. Calanan v. Gilman, 107 N. Y. 360; modifying 52 Super. Ct, 112 ; conf’g 67 How. Pr. 464 ; aff’g 18 State Rep. 397; s. c. 55 Super. Ct. 511 ; 2 N. Y. Supp. 702. Action to enjoin defendant from obstructing the sidewalk to the injury of plaintiff, an adjoining owner. The trial judge found facts which showed that the obstruction was unreasonable, and directed judgment for plaintiff. Among findings requested by defendant were “ that the defendant uses the place complained of at a time and in a manner that is reasonable under all the circumstances“ that the use of the sidewalk by the defendant does not unreasonably abridge or obstruct the passage of pedestrians.” On appeal defendant objected among other things that the trial judge refused to make any findings upon these questions. Earl, J., delivering the opinion of the court says: “ It is the duty of the trial judge to find upon every material question of fact submitted to him and involved in the evidence. But his refusal to do so will not be an error fatal to his judgment, if the findings asked were not material to the decision of the case, or would not be beneficial to the party asking them.”
*210 After quoting the requests the court continued, “ The judge should properly have found upon these questions; but upon the undisputed evidence he should have found against the defendant, and, therefore, he has suffered no harm from the neglect or refusal to find.”
14. Morris v. Wells, 26 State Rep. 9 ; s. c., 7 N. Y. Supp. 61. Replevin to recover goods sold, upon the ground that the sale was induced by false and fraudulent representations. There was undisputed evidence of the making of the representations, of their falsity, and that they were relied on, but there was no finding nor conclusive evidence that they were known to be false when made, nor that they were made with intent to defraud. Held, that although the referee ought to have complied with the request to find the first mentioned facts, his refusal was not ground for reversal, because he had not found, nor was there controlling evidence of knowledge and intent, therefore, an essential fact failing, refusal to find another face was harmless.
15. Durfee v. Bump, 3 N. Y. Supp. 505 ; s. c„ 20 State Rep. 833. In an action for conversion where the conversion, the ownership and the value are found, a distinct finding that plaintiff has suffered damages is not essential in order to sustain judgment therefor.
16. Welsh v. Manhattan Elevated R. R. Co., 57 Super. Ct. 408 ; s. c. 29 State Rep. 511; 8 N. Y. Supp. 492. Action by land owner against elevated railroad company for injuries by trespass. The court at special term found that the construction, etc., had diminished the rental value of plaintiff’s premises in a specified amount. Also at the request of defendants, found “ that the evidence does not establish any definite amount of damages for which any judgment can be rendered.” Held, that a finding as to the effect of evidence could avail, if at all, only as a conclusion of law, and as it was inconsistent with the facts found, it could not countervail them, nor the conclusion of law that plaintiff was entitled to judgment.
17. In Matter of Mellen, 56 Hun, 553; s. c., 31 State Rep. 770 ; 9 N. Y. Supp. 929, which came before the court on appeal from a surrogate’s decree, confirming a referee’s -report, and overruling exceptions as to the form of the findings, etc,, held, that it was error for the referee to refuse to take action upon requests presented to him “ for the finding by him of certain matters of fact deemed to have been established by the evidence." But nevertheless bringing the report before the surrogate without first making application to him to require the referee to pass upon the requests, was held., a. *211 waiver of the Irregularity. The court say, Daniels, J., “ If an application had been made to the surrogate to require the referee to pass upon the requests submitted to him, and that had been refused, the appeal from the decree and order made would have required the decree to be set aside and an order made requiring the referee to comply with these directions of the law.”
18. Hugg v. Shank, 17 Civ. Pro. R. 128; s. c., 23 State Rep. 312, 4 N. Y. Supp. 929. Foreclosure of mechanic’s lien. Exceptions to findings of fact disregarded as unavailable, because precluded by the Code, where there is any evidence tending to sustain the finding.— Held, that under the rule in Code Civ. Pro. §§ 992, 993, the only mode of reviewing a finding of fact of a court or a referee, as erroneous because against the weight of evidence, is by a request to find, .and an exception to the refusal to find as requested. Exceptions to a finding of fact where there have been no requests are unavailing.
19. Butler v. City of Oswego, 56 Hun, 358 ; s. c., 32 State Rep. 456 ; 10 N. Y. Supp. 358. Plaintiff sued to set aside an alleged illegal assessment of taxes on real property. The property in question was assessed to one Averill as the owner or occupant. Plaintiff requested the trial court to find that Averill was n'ot the owner or occupant, or was not a resident. The only ground upon which plaintiff could succeed was by establishing the fact that Averill was not a resident, and the court refused the request. The appellate •court, although ruling that an assessment to a non-resident would be invalid, affirmed judgment against the plaintiff. Williams, J., says, “ The plaintiff only requested the fact to be found in connection with other facts. There was no request as to this fact alone. The court could not, under the evidence, find the other facts as requested, and, therefore, properly refused to find the whole, to which an exception was taken. It cannot be said that such an exception raises the question of error in refusing to find as to the fact •.of non-residence alone.”
Martin, J., was, however, of opinion that it was the duty of the court, even without a sufficient exception, to determine upon an ■examination of the whole case when the decision was against the weight of evidence, and contrary to law and justice, and if so grant a new trial, and he therefore dissented from the affirmance.
20. Ward v. Craig, 87 N. Y. 550.
20a. Todd v. Nelson, 109 N. Y. 316. Here, in an action tried by the court, one finding included three separate and distinct facts, •and an exception thereto specified each of the facts so found substantially in the words of the finding.—Held, that this could fairly be regarded as a separate exception to each fact contained in the *212 finding, not a general exception to the whole finding, and that the party excepting was entitled to the benefit thereof, if one of the facts found was without evidence to sustain it, although the other facts were established by the evidence.
21. Wainman v. Hampton, 110 N. Y. 429; s. c., 18 State Rep. 320 ; aff’g 20 Weekly Dig. 68. The court say it is now settled that requests that the court find upon facts come too late after the submission and decision of the action and upon settlement of the case; and a refusal to find as so requested is proper.
22. Masterson v. Cranitch, 66 How. Pr. 171. Here requests were duly submitted and the court declined to pass upon them, and rendered its decision ; postponing the consideration of the requests until the settlement of the case. On appeal from the order to that effect it was reversed, and the general term directed that the proceedings be remanded to the court below, so that the requests might be passed upon, as required by section 1023, and that when passed upon the same be made part of the record as of the date of the decision of the case in the court below.
23. James v. Cowing, 4 State Rep. 73; s. c., 25 Weekly Dig. 97. Macomber, J., says, “ Though the judge doubtless had a discretionary power to entertain these findings provided they were not of such a character as to shift entirely the claim made by the complaint and the issues as presented by the pleadings; yet they were not, in the language of the section permitting such proposed findings to be submitted to the judge, seasonably made. It is, besides, a practice which ought not to be encouraged, for after the trial court has come to a conclusion upon the facts and the law of the case and has stated such conclusions in an opinion, he ought not to be required to revise the case upon a mere possibility that a party is entitled to some relief which was not thought of until after it was known he had been unsuccessful in the action.”
24. Nobis v. Pollock, 53 Hun, 441; s. c., 23 Abb. N. C. 279; 6 N. Y. Supp. 273. Upon an appeal from a judgment in favor of the plaintiff, in an action brought to foreclose several mechanics’ liens, it appeared that the court had filed a decision containing certain facts found and certain conclusions of law, and in a separate part of the case it appeared that the court had also found other facts, apparently upon the request of one of the parties, and had not embraced them in its decision.—Held, that this was clearly not a compliance with the provisions of Code Civ. Pro. § 1022, and rendered it impossible for this court to review the judgment upon a record so imperfectly made up.

 The judge or referee should also settle the judgment to be ■entered (Paine v. Aldrich, 36 State Rep. 999),