J. B. WILLIAM WILSON, Respondent, *v.* AUGUSTA L. KNAPP et al., Executors, etc., Appellants.

(Argued May 25, 1877; decided June 5, 1877.)

THIS was an action to recover damages for injuries to the barque "Trait d'Union," of which the plaintiff claimed to be owner, caused by a collision with a ferry-boat owned by defendants' testator. Defendants alleged that plaintiff was not the owner, or entitled to maintain the action. Plaintiff, being the owner, executed the following instrument:

"PORT AU PRINCE, *August* 4, 1870.

"By these presents I hereby acknowledge owing to William H. Ballou the sum of three thousand pounds sterling (£3,000 st'g), and in guarantee of said sum, and all interest that may accrue thereon, I hereby give to said William H. Ballou this guarantee mortgage on the British barque, "Trait d'Union," her apparel, ballast, chains, and all goods, furniture, and appurtenances appertaining to said vessel, all being my property as per register.

"In virtue whereof, I hereby set my hand and seal, this day above mentioned.

"J. B. WM. WILSON. [L. S.]"

After the execution of the instrument, Ballou and those succeeding him in interest had possession of the barque, receiving its earnings. Plaintiff testified that he was the owner, and his name was on the register as sole owner. The referee found that he was the owner. *Held,* no error; that the instrument was not a chattel mortgage as recognized under the laws of this State, but was simply a pledge, the rents and profits going towards the discharge of the debt, in which case possession by the pledgee and the receipt and retention of the earnings was consistent with the legal title of the owner, and his right to regain possession upon satisfaction of the debt (Coote on Mortgages, p. 449; Law Lib. [N. S.], p. 42), and that it vested no title in the barque in Ballou; that, therefore, the damage was to plaintiff, and he was entitled to maintain the action.

The bookkeeper of the ship-wrights, who made the repairs, testified as to the account for materials furnished and labor applied to this vessel that there was a foreman carpenter and foreman caulker, whose duty and practice was to superintend the men and provide the materials, and to report each night to the bookkeeper; the foreman of the yard also reported the material sent out. From these reports, the bookkeeper made entries. The foremen testified that the reports which they made were correct. The book in which the entries were made was produced and offered in evidence; it was objected to as hearsay, and objection overruled and exception taken. *Held*, no error; that an original memorandum was not always required, but that a copy was properly admissible. (*McCormick* v. *Penn. C. R. R. Co.*, 49 N. Y., 303, and cases cited.)

Various objections as to the amount of damages were disposed of upon the facts. Damages were allowed for the time the vessel was undergoing repairs. *Held*, no error; that, although the owner was not in actual use of the vessel, and although the arrangement under which others had possession was not fully explained, it was to be inferred that the pledgees were in some way liable to account to plaintiff for the earnings, so that he was damnified when, through the act of defendants' testator, the barque was incapacitated for a time from earning anything.

Also, *held*, that although the expenses for the repairs were not paid by plaintiff, but by the pledgees, yet, as such expense is a charge upon the vessel which could be debited to plaintiff and deducted from the receipts for her earnings, plaintiff was entitled to recover therefor.

*E. Wetmore*, for appellants.

*W. W. Goodrich*, for respondent.

FOLGER, J., reads for affirmance.

All concur, except EARL, J., not voting; RAPALLO, J., absent.

Judgment affirmed.