Van Brunt, P. J.
Upon an examination of the case as presented, it appears that there has been no compliance with the provisions of Code Civ. Pro. § 1022, requiring the court, upon a trial of the whole issue of fact, to state separately the facts found and the conclusions of law.
The learned court, in this case, has apparently filed a decision containing certain facts found and certain conclusions of law. But, upon an investigation in separate parts of the case, we find that he has found other facts appar *282 ently upon the request of one of the parties, and has not embraced them in his decision, which is filed. This .is clearly not a compliance with the provisions of the Code, and renders it impossible for this court to review the judgment upon a record so imperfectly made up.
All the findings of fact on which the judgment is founded, formed part and parcel of the judgment roll, and it will be seen by reference to section 1023 that the papers which are submitted to the court containing requests to find upon behalf of either party, and upon which the court is bound to rule, form no part of the judgment roll, because the court has a right either to file these papers or to return them to his attorneys, his rulings having been entered thereon, and we have further significant provision that the omission to note these rulings thereon shall not affect the validity of the decision or report, making it apparent that these papers form no part of the judgment and no part of the decision of the court. Therefore the only purpose which they would serve is as the basis of an exception to a refusal to find.
The case must, therefore, be sent back in order to have the proper findings prepared.
Beady and Daniels, JJ., concurred.
Note on the Effect of Findings of Fact.
The conflict in the cases, and the diversity of practice on this subject, is noteworthy.
Under the new Procedure, in which, at law as well as in equity, all defences must be pleaded together in one answer, and in which cross claims are set up by answer instead of cross bill, the cases are very frequent in which complex issues are presented for trial, all of which are material to be tried, but any one or less than all are sufficient to determine the cause.
The object of the Oode in its present form seems to be to separate the findings which are material to support the conclusions of law and resulting judgment, from those which are not material for that purpose, although they were material forth e purposes of the trial; and to require the statement in one *283 decision of all that go to support the judgment, at the instance of whatever party made, while those which are made on questions not material to the judgment are to be left in the judges allocatur upon counsel’s requests, so that the refusal to find any fact material to the judgment may be reviewed by the party prejudiced thereby.
This accords with the principle that a finding or refusal not material to support the judgment ought not to be embodied in the decision in such manner as to be apparently ress judicata, for a successful party cannot appeal from a judgment in his own favor merely for the purpose of getting rid of a finding against him on a point which proves not material to the judgment.

Notes of Gases.

In Thorne v. Turck, 94 N. 7Y. 90, two causes of action were set out in the complaint: (1) False imprisonment, and (2) malicious prosecution. A motion to dismiss as to the second cause was denied, but as to that cause the jury found for the defendant, while finding a verdict for the plaintiff on the first cause. And the court held that it must he assumed that the jury disregarded all matters relating to the second cause of action in disposing of the first; and that in their verdict it was manifest, that they were not prejudiced by the refusal to dismiss as to the second • ■ausc, even though the court was in error in so disposing of the case, and that a reversal upon that ground would not be granted.
People ex rel. Reilly v. Johnson, 38 N. Y. 63. The record of a former suit is not evidence to establish the relation of landlord and tenant, although found to be such in the former suit, where such finding was immaterial and not the real question in issue.
This was an appeal from a judgment of restitution upon a certiorari from a district court in the city of New York to the general term, awarding to the relator premises from which he had been ousted by summary proceedings.
In the district court a jury trial was had and the only evidence to sustain the landlord’s allegations was a judgment record in a suit brought by the tenant, and in which the landlords, present defendants, were defendants. It appears that the issue in that suit was whether or not the defendants held the premises under a deed which was in fact a mortgage. The proceeding in the district court was submitted under a charge that if the jury believed that one of the issues tried and determined in the former suit was the question of landlord and tenant, then the parties to such suit were bound by the judgment. This was held error. The court say:
“ In the answer, all these allegations were specifically controverted, *284 and the agreements and negotiations of the parties respecting the premises were professed to be set forth, and among other things it was alleged that there was a tenancy of the premises for a limited period by Reilly. But it is evident that this was a mere incidental or collateral issue, the main and vital controversy between the parties being the allegation of an equitable mortgage on the one side, and the right to redress on the other, and deciding that question for or against the plaintiff, was deciding the whole issue. As, then, the issue iu that suit did not necessarily involve the question, whether Reilly was or was not the tenant of Cornell and Johnson, and was not essential to its determination, the record in that case was not, and could not, be evidence of the fact, and yet this was all the evidence there was in the case before the magistrate. It is a very familiar principle, that a judgment concludes the parties only as to the grounds covered by it, and the facts necessary to uphold it (Cow. and Hill's Notes, vol. 3, p. 826).
“ And, although a decree in express, terms professes to affirm a particular fact, yet, if such fact was immaterial, and the controversy did not turn upon it, the decree will not conclude the parties in reference to that fact (Coit v. Tracy, 8 Conn. 268; Manny v. Harris, 2 Johns. 24). The mere fact of the alleged tenancy is undoubtedly found by the judge on the trial in the superior court, but the fact was immaterial, and the judgment did not in any respect rest upon that finding, as is most obvious from an inspection of the pleadings, the findings of the court, and the final judgment rendered thereon. The court below, consequently, erred in overruling the objection of the counsel of the relator, and allowing the record to be put in evidence for the purpose of establishing the relation of landlord, and tenant between the parties.
“There is nothing in the case from which to find any tenancy but the record in the superior court, and the jury must have determined it from the record, which having been improperly received in evidence, there remained nothing in the case to uphold the verdict, which was properly reversed on the certiorari to the supreme court.”
In Bissell v. Kellogg, 60 Barb. 617, 624, it was held that under Code Pro. (Old Code) § 268, the judge upon a trial by the court being required in settling the case to specify the facts found by him and his conclusions of law,—his finding in settling the case and embodied in the record was res judicata as to the parties, just the same as though such finding was contained in the original findings of the judge, which under section 267 were within twenty days after they were found, to be filed with the clerk, and judgment entered thereon accordingly.
This was an action to remove a cloud upon a title which consisted *285 of an alleged usurious mortgage. In a former suit for the foreclosure of another mortgage than the one now in question, the judge, in his original findings, declared that mortgage to bo valid in the hands of the mortgagee, plaintiff there, and defendant here, for a less amount than was claimed to be due, and judgment was thereupon accordingly entered, hut the judgment did not on its face adjudge the transaction to be usurious or the present mortgage, which was in question there, and which it appeared was given as part of the transaction, to be void.
The court say: “The counsel for the appellant is doubtless correct in claiming that the fact of res adjudieata is not to be made out by inferences, like those which governed the referee. An estoppel requires strict proof. A fact cannot be held to have been adjudicated in a former suit, unless it so expressly appears by the record, or, at least, it is clearly shown by evidence aliunde, that it was determined. But the record in this case contains a statement to which the referee has not alluded, and which may have escaped his attention, as well as that of the counsel, but which we think fully authorizes the ruling of the referee, that the usurious nature of the arrangement was res adjudieata in the former suit. The case settled in the former suit is embodied in the record which was produced in evidence before the referee, and that expressly states that the agreement, whereby Kellogg agreed to take the mortgage for §4,000, and Adams agreed to take the house and lot and give back his bond and mortgage for §2,050, was usurious. Where there is a trial by the court, the judge who tried the cause, in settling the case, is required to specify the facts found by him, and his conclusions of law {Code, § 268). The facts thus specified are conclusive upon the parties in that case, if founded on sufficient evidence, and there is no apparent reason why they are not to be considered as res adjudieata for all purposes, the same as though contained in the original findings of the judge. It therefore does appear, by the record of the former recovery, that .the question whether the mortgage for §2,050 was executed upon a usurious contract, was in issue in that case, and the fact of usury was found by the judge. Kellogg was the plaintiff, and Adams was a party defendant in the former suit. Bissell is privy in estate with Adams, by subsequent grant. The record of the former recovery, therefore, was admissible in evidence in this case in behalf of both the plaintiffs, as against the defendant, and conclusively established that the mortgage for §2,050, which is the subject of this suit, is usurious and void.”
A recovery for the plaintiff was, however, denied on other grounds and that judgment was affirmed by the court of appeals (65 N. Y. 432), wherein it was said: “It may be assumed that the judgment in *286 the suits commenced by Kellogg for the foreclosure of the Lampson mortgage, claiming due upon it $4,000 and interest, conclusively established, as to parties and privies, that the mortgage involved in the present controversy is usurious and void.”
In Woodgate v. Fleet, 44 N. Y. 1, 12, it was held that the general construction of a trust deed not being necessarily involved, although fully construed in a former action, that construction incorporated into the decree in that suit was not conclusive in the present action, but that the parties were estopped from raising in this action questions which were necessarily involved in the former suit. Bee also Woolsey v. Bohn (Minn.) 42 N. W. Rep. 1022.
In Remington Paper Co. v. O’Dougherty, 81 N. Y. 474; modifying 16 Hun, 594; it was held that a former judgment in an action for damages for a vendor’s failure to convey good title, which determined that the title was in the vendor’s wife, but that he had power to sell and could not convey good title because of the existence of lions and incumbrances, does not estop the plaintiff in this action brought to set aside the deed to the vendor’s wife as being a forgery and a cloud upon plaintiff’s title which was derived under the sale in execution against the vendor in that suit, in which the plaintiff here was plaintiff,—from showing the deed to be a forgery, although the validity of the deed was not there questioned and was the subject of the finding of title in the vendor’s wife.
The court say: “It does not appear from the pleadings in the action that the fact of the title of Anna under the deed of December 25th, 1861, was in issue. The general allegation in the complaint of the inability of the defendant to convey a title according to. the contract would be supported by proof of the existence of liens by judgment or mortgage on the premises, and it is found that in fact such liens existed. The report of the referee does, however, show that the fact of Anna’s title was presented on the trial. But it was a complete answer to the claim to recover increased damages, on the ground of this outstanding title, that the vendor had authority from Anna to sell and convey her lands, and in answer to the claim founded upon the deed of December 25, 1861, it was sufficient for the defendant by way of avoidance, to prove the existence of the authority, and it is quite obvious that this was the actual course of the trial. Patrick, manifestly from his relation to the transaction, did not question the genuineness of the deed, but he avoided the force of it, as bearing upon the question of damages, by proving the authority. This was an implied admission of the genuineness of the deed, but such an admission, when the matter in avoidance is found in favor of the party alleging or prov *287 ing it, does not conclude him from afterward disputing the fact admitted in another action, and as Patrick is not estopped by the judgment in the former action from contesting the validity of the deed, so also it constitutes no estoppel against the plaintiff. 'The general rule is that the party alleging the estoppel of a former verdict must establish that the same fact sought to be litigated in the second suit was in issue in the former one.”
In Jackson v. St. Paul Fire and Marine Ins. Co., 33 Hun, 60, it was held that an insurance company, sued by another company upon a policy of re-insurance, was not precluded, by a judgment recovered against the plaintiff here, in an action in the defense of which the defendant here joined,—from showing a misrepresentation in the policy made by this plaintiff to this defendant, where the misrepresentation relied on as a defense in the former suit was alleged to have been made by the plaintiff there and that fact was found against these parties. The judgment for the plaintiff was, therefore, reversed on the ground that there was a misrepresentation avoiding the policy, and that the defendant was not concluded from showing it.
The court say : “ The judgment in that action proceeded upon an entirely different issue from that which was presented by the answer in this action, and for that reason this defendant would not be concluded from making the defense now presented by it, even though it should be held to be bound by that judgment, for a judgment is conclusive upon the parties thereto only in respect to the grounds covered by it and the law and facts necessary to uphold it; and although a decree in express terms purports to affirm a particular fact or rule of law, yet if such fact or rule of law was immaterial to the issue and the controversy did not turn upon it, the decree will not conclude the parties in reference thereto.”
But upon an appeal to the court of appeals from the judgment of reversal of the general term, the court reversed that judgment and affirmed the judgment of the special term on the ground that there was no representation save as to the risk taken by the plaintiff, which was the sole object of the re-insurance, and that this was correctly stated; and when the plaintiff was found legally liable upon its contract, it was not open to the defendant to question that liability, but it was at once bound to pay the re-insui'anee as called for by the contract of the parties. (Reported in 99 N. Y. 124.)
Kipper v. Sizer, 2 N. Y. State Rep. 386 (action against an administrator as such, to establish a co-partnership).
A finding contained in the judgment roll, but not in the judgment itself, was made,—that the plaintiff had no cause of action against the *288 defendant, either as administrator or individually—and the complaint was dismissed on the merits.
Held, that as the judgment roll ought not to be permitted to show anything more than a final decision of the matters litigated, the judgment should be modified by dismissing the complaint upon the merits against the defendant as administrator only. Judgment modified. [The report is obscure, but the above appears to present the material points.]
Burlen v. Shannon, 99 Mass. 200. Action for board of defendant’s wife. The defendant set up a divorce in another State, obtained some years prior to the time alleged as the period when board was first given the wife, and further relied upon a decree of the Massachusetts court, subsequently to the foreign divorce, dismissing an action brought by the wife for a divorce a mensa et thoro, on the ground of cruelty and desertion. In that action the wife plead the invalidity of the foreign divorce and the jury rendered a general verdict in favor of the husband, together with several specific findings which negatived the charges of misconduct and desertion. The plaintiff here offered to show that the foreign divorce was invalid and that that court obtained no jurisdiction, which offer was refused and a verdict for the defendant was directed. Held, reversing the judgment below, that the status of the parties could not have been fixed by the decree dismissing the wife s suit as the husband having been found not guilty of either desertion or cruelty the validity, of the foreign divorce in his favor was not necessarily thereby established, and the plaintiff was not estopped thereby from showing the invalidity of the foreign divorce.
The court say: “At the trial of the libel, a mensa, these (the specific findings) were five in number. The first three negatived all the charges of misconduct contained in the libel ; the fourth found that the libelee did not go to Indiana for the purpose of procuring a divorce ; and the fifth found that he was a citizen of that State when he filed the libel there in which his divorce a vinculo was obtained. Upon the verdict on the first three issues it is manifest that the libel a mensa must have been dismissed, whatever might have been the findings of the jury or the judgment of the court touching the validity of the Indiana decree. The libelant failed to prove any delictum against her husband. Inasmuch as he was found not guilty of either desertion or cruelty, it was impossible that any decree should be pronounced against him. How then can it be maintained that the decree in his favor by which this libel was dismissed conclusively establishes the validity of the Indiana divorce, when the same result must have been reached if no such record had existed ?”
The court add that upon an examination of the decree dismissing *289 the libel a mensa “it is left wholly uncertain and unascertainable whether the libel was dismissed on the ground that no delictum or cause of divorce alleged against the libellee had been proved ; or because there had been a previous dissolution of marriage.”
Hawks v. Truesdell, 99 Mass. 557. In an action upon a promissory note the jury made two special findings in favor of the defendant upon the question as to the consideration for the note, but under instructions from the court, rendered a general verdict for the plaintiff, which was reversed on appeal. At the second trial, the plaintiff conceding that the only consideration relied on to support the note had been negatived by the special findings on the previous trial, the defendant then moved for a direction of a verdict in his favor on the ground that the special findings were conclusive in this action, and the court ruled that the plaintiff was precluded from showing the consideration and directed a verdict for the defendant. Held, error, and the court say : “In a suit at law, can special findings of a jury, not confirmed by any judgment of the court, nor involved in any general verdict, be relied on, in a trial before another jury on the same or another suit, as proof of the facts thus found ? We think it clear, both upon principle and authority, that they cannot. It is the verdict with the judgment of the court upon it, which constitutes the estoppel, or the res adjudicata. .That may furnish conclusive proof of all essential facts involved in it. Special findings may be resorted to to ascertain upon what facts the verdict and the judgment were rendered. But the facts so found are not conclusively established between the parties unless they are also essential to, or shown to be involved in the verdict and judgment.”
Fairman v. Bacon, 8 Conn. 418. Where, on a bill of foreclosure, the defense was that the mortgagor had paid the mortgage debt in part, and the court found that after the death of the mortgagee, the mortgagor, being his executor, made certain payments to a third person on a note given by the mortgagee to that person, and which it was the duty of the mortgagee to pay, but did not find that such payments were made at the request of any person authorized to make such request, nor under an agreement of any person having authority for that purpose, that they should be applied in part payment of the mortgage debt; and thereupon a decree of foreclosure was passed in opposition to the claim of the mortgagor.—Held, in a subsequent suit by the administrator of the mortgagor against the surviving executor of the mortgagee,wherein it was sought to obtain a settlement of the accounts of the former’s, intestate as such executor, and for an allowance out of the estate of the-testator of the moneys paid by the intestate in the note, that such' finding could not be used as an estoppel, nor was it admissible ass evidence to prove such payments.
*290 Rice v. Rice, 53 Mich. 432. A recital in an adjudication of incompetency to manage his estate, that a man is insane, is superfluous, even if it be proper, and such a recital is not such evidence of testamentary incapacity as to be admissible for that purpose in proceedings to set aside his will.
The opinion states : “ The objections to the will are—first, that the decedent was insane at the time of its execution; and second, that its execution was procured by undue influence brought to bear upon him by the proponent, who was his wife. When the case was here before, it was shown that tiñere was a finding by the probate court that the decedent was insane and incompetent to manage his property, made a little later in the day on which the will was executed; but the insanity did not appear to be alleged in the petition on which the judge made his order, and for that reason the question of insanity was said by this court not to have been before the judge for his decision. It is now shown, however, that the petition was erroneously given in the former record, and that in its allegations it was as broad as the findings of the probate court. The fact is immaterial, however, as the .circuit judge instructed the jury that the testamentary capacity of Bice was not involved in or determined by the proceedings in the probate ..court.”