LIVINGSTON *et al. v.* MANHATTAN RY. CO. *et al.*, (three cases.)

*(Superior Court of New York City, General Term.	December 10, 1891.)*

1. REFERENCE—FINDINGS—REPORT.
     A referee marked on the margin of defendant's requests for findings of fact his disposition of them, but did not incorporate all of such facts which he found in his report. The report contained sufficient findings to sustain the decision, and those omitted could not have worked a different result. *Held,* that defendant was not prejudiced by the omissions, as, on appeal from the judgment entered on the report, he could bring up for review the findings omitted.

2. SAME—IMMATERIAL FACTS.
     Under Code Civil Proc. § 1022, providing that the report of a referee on the whole issue of fact must state separately the facts found and the conclusions of law, and section 1023, providing that "at or before" the rendering of the report the referee must note, in the margin of the requests of the parties to find, the manner in which each proposition is disposed of, a party is not entitled to have immaterial facts found at his request by the referee embodied in the report.

3. SAME—REFUSAL TO FIND.
     In such case the referee should deny each request to find a fact which either is immaterial or has been already substantially covered by the findings embodied in the report.

Appeal from special term.

Actions by Morgan L. Livingston and Silvia Livingston against the Manhattan Railway Company and the Metropolitan Elevated Railway Company, by Silvia Livingston against the same companies, and by Julia Livingston against the same companies, for an injunction, and for damages by reason of the construction, maintenance, and operation of defendants' elevated railroad in front of plaintiffs' several premises. The three cases were tried on substantially the same state of facts before the same referee, who reported for plaintiffs. Defendants appeal from an order of the special term denying their motion to vacate the reports and send the cases back to the referee for proper reports. Affirmed. For former report, see 16 N. Y. Supp. 110.

Argued before SEDGWICK, C. J., and FREEDMAN and DUGRO, JJ.

*Davies & Rapallo,* for appellants. *Olin, Rives & Montgomery,* for respondents.

FREEDMAN, J.  In each of the above-entitled actions the defendants moved that the report of the referee be vacated and set aside, and that the action be sent back to the referee, and that he be directed to make a report including all of the facts found by him and all the conclusions of law found thereon. The motions were denied, and the defendants appealed.  Each of these actions was the usual action by an abutting owner for an injunction, and for damages by reason of the construction, maintenance, and operation of an elevated railroad in front of such owners' premises.  By consent of the parties, the actions were referred to a referee to hear and determine the same, and they were so tried.  On the trial the plaintiffs and the defendants proposed separate findings of fact and conclusions of law, and submitted them to the referee.  He marked on the margin the disposition made of each proposition, and returned the proposed findings to the attorneys of the respective parties. At the same time the referee delivered to the attorneys for the plaintiffs his report in each action, made up by himself, in which he found that the plaintiffs were entitled to an injunction and to damages.  It is now claimed, as it was claimed on the motions below, that the reports so made up do not contain all the facts found by the referee at the request of the defendants, and that for this reason the reports should have been vacated and set aside, and the actions referred back to the referee for a proper report.  The claim that the reports do not contain all these facts is, in form, correct.

The first question, then, is whether the defendants were prejudiced by the omission.  Each report is complete in itself, and appears to comply with the substantial requirements of the Code, and the practice heretofore observed. It contains a full statement of facts found, a statement of conclusions of law based thereon, and a direction for the appropriate judgment.  There were made by the defendants in the case of Morgan L. Livingston 57 requests to find facts and 23 requests to find conclusions of law; in the case of Julia Livingston 55 requests to find facts and 24 to find conclusions of law; and in the case of Silvia Livingston 57 requests to find facts and 24 conclusions of law.  Of these many were found as requested, with the remark that they had been so found in the report; others were found with a qualification; still others were simply marked "Found;" and the remainder were refused.  The referee included in his report in each case all such facts as he deemed necessary to support his conclusions of law.  Each report contains 20 findings of fact and 8 conclusions of law.  The result is a clear, compact, and comparatively concise report, identical (except as to dimensions, names, amounts, etc.) in each of the three cases,—a practice to be highly commended, unless the law clearly calls for a different one.  Though the three cases are substantially all alike,—relating to three contiguous parcels of land, and the differences relating only to names, descriptions, amounts, etc.,—the defendants' requests were ingeniously confused so as to be different in each case.  After having passed upon them, the referee included in his report of each case all the facts and conclusions of law so found which he deemed material, or in any wise calculated to affect the decision.  I have carefully examined those which were omitted from the reports, and found that, in view of the law applicable to this class of cases, they are utterly inefficient to work a result different from that which was reached, provided the findings of fact which were stated in the reports are supported by sufficient competent evidence, which latter question cannot be determined at the present time.  In no aspect which can be taken can the defendants lose anything on their appeals from the judgments in these cases by reason of the fact that in each case the findings of the referee are written upon two pieces of paper, and not one.  The rulings as to the omitted findings appear in his notes on the margin of the requests, and the defendants can file them, and print them, and have them considered as part of their appeal papers.  Their appeal may be brought both upon the facts and the law, and, if proper steps are taken, they may at the same time have a review of the order

denying their motions to send the reports back, and upon such review obtain the relief to which they may then show themselves entitled.

No prejudice by the omission having been established, the only remaining question is whether the defendants, although not prejudiced, have a strict statutory right to the relief demanded by them on their motions. Prior to the decisions made by the general term of the supreme court of the first department in *Nobis* v. *Pollock*, 23 Abb. N. C. 279, (6 N. Y. Supp. 273,) and *Schultheis* v. *McInerny*, 13 N. Y. Supp. 684, it was generally considered and believed that no such right exists. The solution of the question depends upon the interpretation and construction of sections 1022 and 1023 of the Code of Civil Procedure. Section 1022 prescribes that the decision of the court, or the report of the referee, upon the trial of the whole issue of fact, must state separately the facts found and the conclusions of law; and it must direct the judgment to be entered thereon. Sections 267 and 272 of the old Code also provided that the decision or report should contain a statement of the facts found and the conclusions of law separately. Under the old Code it became well settled that the statement of facts thus required consisted of a statement of the material facts necessary to support the conclusions of law based thereon, and no more, and that no detailed findings were required, specifying the particulars of the general conclusions of fact, or explaining the means or processes by which such general conclusions were reached. *Avery* v. *Foley*, 4 Hun, 415; *Wilson* v. *Knapp*, 42 N. Y. Super. Ct. 25, affirmed 70 N. Y. 596; *Beck* v. *Sheldon*, 48 N. Y. 365. In *Pollock* v. *Pollock*, 71 N. Y. 137, the court of appeals even held that a decision of the special term, consisting of a statement that the court found plaintiff guilty of the adultery as charged in the answer, and of a direction that the complaint be dismissed, was a sufficient compliance with the provision of the Code that the facts and the conclusions of law should be separately found and stated. Section 1022 of the Code of Civil Procedure has been uniformly interpreted in like manner upon this point, and notably so in *Dolan* v. *Merritt*, 18 Hun, 27, and *Werfelman* v. *Railway Co.*, (Com. Pl. N. Y.) 11 N. Y. Supp. 66. Under the old Code, however, a practice had sprung up not founded upon any requirement of the Code, but upon a rule. Rule 32 of the general rules of practice in force at that time permitted a party, after the report of a referee, or the decision of a court, upon the settlement of a case, to present proposed findings of fact; and the judge or referee was thereupon required to pass upon such questions of fact so presented by either party as should be material to the issue. The practice under this rule, in cases where the referee refused to make additional findings, became awkward and inconvenient. No exception to such refusal would lie, and the remedy of the party aggrieved was by motion in court for an order sending back the report with instructions requiring findings upon questions decided to be material. *Rogers* v. *Wheeler*, 52 N. Y. 262. As shown by FINCH, J., in *Gormerly* v. *McGlynn*, 84 N. Y. 284, this inconvenience was sought to be remedied in the revision which produced the Code of Civil Procedure. By section 993 it was provided that a refusal to make any finding whatever upon a question of fact as to which a request was seasonably made by either party is a ruling upon a question of law. If the change had stopped here, its only effect would have been that a new and additional remedy would exist in the case of a refusal to make a finding upon a material question of fact. But the change went further. By section 1023 it was provided as follows: "Sec. 1023. Before the cause is finally submitted to the court or the referee, or within such time afterwards, and before the decision or report is rendered, as the court or referee allows, the attorney for either party may submit, in writing, a statement of the facts which he deems established by the evidence, and of the rulings upon questions of law which he desires the court or the referee to make. The statement must be in the form of distinct propositions of law or of fact, or both, separately stated, each of which must be numbered, and so prepared,

with respect to its length, and the subject and phraseology thereof, that the court or referee may conveniently pass upon it.   At or before the time when the decision or report is rendered the court or the referee must note, in the margin of the statement, the manner in which each proposition has been disposed of, and must either file, or return to the attorney, the statement thus noted; but an omission so to do does not affect the validity of the decision or report."   In enacting this section the legislature rendered rule 32, as it then stood, inoperative, and determined that thereafter all requests should be made before the decision or report is rendered, and that the requests so made should be passed upon at or before the time when the decision or report is rendered.   I cannot find that this new section worked any change in the law as it then stood as to the actual incorporation of findings made at the request of either party into the decision or report.   While the requests must now be made before the rendition of the decision or report, they may be passed upon either at or before the time when the decision or report is rendered.   Under the familiar rule that in the interpretation or conclusion of a statute effect must be given, if possible, to every word of the statute, the word "at" cannot be ignored.   On the other hand, pursuant to the requirements of the preceding section, the decision or report, when rendered, must state separately the facts found and the conclusions of law, and it must direct the judgment to be entered thereon.   It must be complete in these particulars.   How, then, can it be held that additional facts found at the request of either party at the very moment of the rendition of such a complete decision or report must appear in such decision or report?   I cannot come to such a conclusion, and am firmly convinced that, if the legislature had intended to work such a result, language would have been employed which in unmistakable terms disapproved of the prevailing practice and prescribed the new method to be pursued.

In a note appended by Mr. Austin Abbott to the report of the case of *Nobis* v. *Pollock*, 23 Abb. N. C. 279, (6 N. Y. Supp. 273,) the learned annotator arrived at the following conclusions, and stated them so well that, in view of their great importance, I shall quote them in full, viz.: "Note on the effect of findings of fact.   The conflict in the cases, and the diversity of practice on this subject, is noteworthy.   Under the new procedure, in which, at law as well as in equity, all defenses must be pleaded together in one answer, and in which cross-claims are set up by answer instead of cross-bill, the cases are very frequent in which complex issues are presented for trial, all of which are material to be tried, but any one or less than all are sufficient to determine the cause.   The object of the Code in its present form seems to be to separate the findings which are material to support the conclusions of law and resulting judgment from those which are not material for that purpose, although they were material for the purposes of the trial; and to require the statement in one decision of all that go to support the judgment, at the instance of whatever party made, while those which are made on questions not material to the judgment are to be left in the judge's *allocatur* upon counsel's requests, so that the refusal to find any fact material to the judgment may be reviewed by the party prejudiced thereby.   This accords with the principle that a finding or refusal not material to support the judgment ought not to be embodied in the decision in such manner as to be apparently *res judicata*, for a successful party cannot appeal from a judgment in his own favor merely for the purpose of getting rid of a finding against him on a point which proves not material to the judgment."   The conclusions arrived at by Mr. Abbott are correct, as far as they go.   It may be well, however, to continue the discussion a little further, and to point out that under the Code of Civil Procedure, as it now stands, it is, in most cases, more expedient to refuse all requests upon immaterial points than to find the immaterial facts.   Formerly, as I have already shown, an exception did not lie to a refusal to

make a subsequent additional finding under rule 32, but now a refusal to make any finding whatever upon a question of fact where a request was seasonably made by either party is, under section 993, a ruling upon a question of law, within the meaning of section 992, and as such it may be excepted to under section 992, and reviewed pursuant to section 1346 upon the appeal from the judgment. Upon such appeal the exception fully presents the question whether, upon the whole evidence, the finding should or should not have been made; and such question must be determined with due regard to the rights of the parties. Upon such appeal, any order may also be reviewed refusing to send the case back to the referee for further findings, provided the notice of appeal asks for a review of the order. See sections 1301 and 1316. The same rule prevails both at general term and in the court of appeals, for in a case tried by a judge without a jury or by a referee both may review the facts as well as the law, and the question whether a certain request for a finding of fact, which was refused, should or should not have been complied with, will always be determined, if raised by an exception to the refusal, with reference to the materiality of the fact involved, and its tendency to vary the result. No advantage can be derived, therefore, from findings upon immaterial facts. If a fact does affect the result in the slightest degree, its proper place is in the body of the decision or report; but if, under the law as it stands, it cannot affect the result in any way, it should not be found at all.

These remarks are added because of late years a tendency has manifested itself to request detailed findings of all the particulars which go to make up the general facts necessary to be stated, and even of the evidence thereof, and of the means and processes by which the general facts are arrived at; and because in many instances it has been found that there is too much willingness and readiness to comply with such useless requests, and that consistency becomes sometimes impaired in consequence thereof. The three cases at bar afford a good illustration. In each the substantial controversy turned upon only two points, namely, the loss of rental value during a certain period, and the permanent depreciation of the fee value; and yet in each case the defendants presented at least 55 requests to find facts and 23 requests to find conclusions of law. Such practice must be discouraged. It puts upon trial judges and referees a work of supererogation which should not be imposed upon them, and which serves no useful purpose. While, therefore, it may be technically the duty of a judge or referee to pass upon such requests, that duty will be fully performed by a specific denial of each and every one of them demanding a fact to be found which either is immaterial or has been already substantially covered by the findings embodied in the decision or report. I think I have now sufficiently demonstrated that the additional facts which may be found pursuant to the direction of section 1023 need not be inserted in the decision or report if they are immaterial, or if they have been already substantially covered by the findings contained in the decision or report, and I close with a reference to the concluding sentence of section 1023, by which it is expressly provided that an omission on the part of a judge or referee to comply with the directions of said section does not affect the validity of the decision or report. No rule of court can, therefore, be made inconsistent with the provisions of that section, for the power to make rules is limited to such rules as are not inconsistent, but in harmony, with the provisions of the Code of Civil Procedure. *Gormerly* v. *McGlynn*, 84 N. Y. 284. For the reasons stated the conclusion is unavoidable that, while the court does possess the power to send a case back to the referee for further findings upon material points not covered by the report, or to have findings made specially at the request of either party, no error was committed by the learned judge below in refusing to send back the cases at bar. The conclusion reached finds strong support in the opinion of EARL, J., in *Redfield* v. *Redfield*, 110 N. Y. 671, 18 N. E. Rep. 373, and the opinion of RUGER, C. J., in *Green* v.

*Roworth*, 113 N. Y. 462, 21 N. E. Rep. 165. Both judges recognize, under the practice prescribed by the Code of Civil Procedure, the continued existence of the two classes of findings hereinbefore discussed. They speak of the findings contained in the body of the decision or report as formal or general findings, and of the additional findings, made at the request of either party at the time of the rendition of the decision or report, as special findings, and they lay down the rule that, in case of any conflict between the formal and special findings, the courts are bound to attempt to reconcile them. The order should be affirmed, with $10 costs and disbursements. All concur.