### UHLENHAUT *v.* MANHATTAN RY. CO. *et al.*

*(Superior Court of New York City, General Term.   April 11, 1892.)*

TRIAL BY COURT—REFUSAL TO MAKE FINDINGS—HARMLESS ERROR.

   While, under Code Civil Proc. §§ 993, 1023, the court should properly find on all requests for findings of law and fact, yet, where the proposed findings are not material, it is not reversible error to rule that "each of the written requests is to be marked 'Refused,' except so far as covered by the findings of fact and conclusions of law settled and signed by me."

Appeal from special term.

Action by John H. F. Uhlenhaut against the Manhattan Railway Company and the New York Elevated Railway Company and Helen K. Sumner, as sole acting trustee under the will of Adams C. Sumner, deceased, to enjoin the operation of an elevated railway in front of plaintiff's premises, No. 197 Pearl street.   Judgment for plaintiff.   Defendants appeal.   Affirmed.

The court found as facts that plaintiff was seised in fee of one-half of Pearl street immediately in front of the premises, and had an easement in the remainder of Pearl street, entitling him to have it kept open as a public street. Defendants submitted certain proposed findings of fact and conclusions of law, and the ruling of the court in respect thereto was in the following terms: "Each of the within requests is to be marked 'Refused,' except so far as covered by the findings of fact and conclusions of law settled and signed by me."

The Code of Civil Procedure provides as follows:   Section 1023: "Before the cause is finally submitted to the court or the referee, or within such time afterwards * * * as the court or referee allows, the attorneys for either party may submit in writing a statement of the facts which he deems established by the evidence, and of the rulings upon questions of law which he desires the court or referee to make. * * *   At or before the time when

the decision or report is rendered, the court or the referee must note, in the margin of the statement, the manner in which each proposition has been disposed of, and must either file or return to the attorney the statement thus noted; but an omission so to do does not affect the validity of the decision or the report." Section 993: "Upon the trial of an issue of fact by a referee, or by the court without a jury, a refusal to make any finding whatever upon a question of fact, where a request to find thereupon is seasonably make by either party,   *   *   *  , is a ruling upon a question of law, within the meaning of the last section."

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

Davies & Rapallo, (Julien T. Davies and J. C. Thomson, of counsel,) for appellants.  Charles B. Crowell, for respondent.

DUGRO, J.  I have examined this case with care, and can find no error which requires reversal.  The finding as to the plaintiff's fee in Pearl street was warranted by the evidence.  If the learned trial judge erred in directing the requests presented to him to be marked "Refused, except so far," etc., the defendants were not prejudiced by the error, for the findings asked were not material to the decision of the case, nor would they, if the request had been properly disposed of, have been beneficial to the party asking them.  It was not error requiring reversal for the learned trial judge to act as he did, although he should properly have found upon the questions.  Callanan v. Gilman, 107 N. Y. 372, 14 N. E. Rep. 264.

Judgment affirmed, with costs.  All concur.