### HUNTER v. MANHATTAN RY. CO. et al.

*(Superior Court of New York City, General Term.   July 5, 1892.)*

1. FINDINGS OF FACT—NOTATION "IN THE MARGIN"—INDORSEMENT.
   The provision of Code Civil Proc. § 1023, that the court must note in the margin of proposed findings of fact the manner in which each proposition has been dis-

posed of, is satisfied by an indorsement on the proposed findings, instead of a notation in the margin.,

**2. SAME—OBJECTIONS WAIVED.**

But, if such indorsement were insufficient, it would not be ground for reversal on appeal in the absence of any objection made below.

Appeal from special term.

Action by Catherine S. Hunter against the Manhattan Railway Company and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before DUGRO and GILDERSLEEVE, JJ.

*Davies & Rapallo,* for appellants. *I. O. Miller,* for appellee.

GILDERSLEEVE, J. The judgment directs that the plaintiff recover of the defendants the sum of $12,556.25 damages and interest, and $941.23 costs and extra allowance. It also restrains defendants from maintaining or using their elevated railway in front of plaintiff's premises, unless the defendants shall, within the time and in the manner specified therein, pay to the plaintiff the sum of $12,000, with interest from the date of this judgment, in exchange for a conveyance and release of the property appropriated by the defendants. A fair preponderance of evidence sustains the findings of the court below, and justifies the judgment. There are no exceptions to the admission or exclusion of evidence that are of sufficient importance to require discussion. The omission of the court below to comply strictly with the letter of section 1023 of the Code of Civil Procedure would not warrant a reversal of this judgment. It will not be denied that, if the court below disregarded defendants' requests, and made no response to any of them, it neglected its duty; and, if the error prejudiced the appellants, the judgment should be reversed, (see *In re Hicks,* 14 N. Y. St. Rep. 323;) but, if such neglect is not prejudicial to the appellants, it is not ground for reversal, (see *Uhlenhaut v. Railway Co.,* [Super. N. Y.] 18 N. Y. Supp. 797.) Section 1023 of the Code provides that "at or before the time when the decision or report is rendered the court or referee must note in the margin of the statement the manner in which each proposition has been disposed of," etc. The court below indorsed upon the defendants' proposed findings of fact and conclusions of law the following ruling: "Each of the within requests is to be marked 'Refused,' except so far as covered by the findings of fact and conclusions of law settled and signed by me." This is not a strict compliance with the requirements of section 1023 of the Code, inasmuch as this ruling was indorsed upon the proposed findings, instead of being noted in the margin of the statement, as required by the statute. The action of the court below did, however, indicate "the manner in which each proposition has been disposed of," but did not note "in the margin of the statement." Hence, although it is not an absolute compliance with the terms of the statute, it is a substantial compliance, (see *Livingston v. Railway Co.,* [Super. N. Y.] 17 N. Y. Supp. 486;) for the purpose of the section is, doubtless, to require the court or referee to pass upon each request, and indicate the manner in which it has been disposed of. In the case at bar each and all of defendants' requests were refused, except so far as they had been covered by the findings settled and signed by the court. This disposes of the requests substantially in accordance with the purpose of the section referred to.

In the case of *Livingston v. Railway Co., supra,* the general term of this court held that, "while, therefore, it may be technically the duty of a judge or referee to pass upon such requests, that duty will be fully performed by a specific denial of each and every one of them demanding a fact to be found which either is immaterial or has already been substantially covered by the findings embodied in the decision or report." And in the case of *McCulloch v. Dobson,* 30 N. E. Rep. 641, the court of appeals held that the omission of a referee to indicate upon the margin of the paper or otherwise his disposition

of certain propositions of fact and law submitted to him, under section 1023 of the Code, is not ground for reversal where "the propositions were nearly all either covered by the findings made by the referee, and stated in his report, or they were immaterial." In any view, we do not think the grounds here urged for reversal are properly before the general term. The better practice in such a case would have been to apply to the court below to have the omission supplied, or mistake, if one, corrected, and, in the event of the request being refused, to have made the application and refusal a part of the record. Such a course would have enabled the court below to supply an omission that might have been the result of oversight or mistake, and would have secured the presentation of a record prepared in accordance with the views of the trial judge. See *McCulloch* v. *Dobson, supra.* We are of opinion that the judgment appealed from should be affirmed, with costs.