WALTER WALRATH and Others, Appellants, *v.* WILLIAM H. ABBOTT, Respondent.

*Order directing findings to be annexed to a judgment roll — irreconcilable findings — effect of the repeal of section 1023 and the amendment of section 1022 of the Code of Civil Procedure.*

While it may be that the better practice would require a court or referee to include in his decision or report all the facts found, and that without an order of the court requests to find and rulings thereon should not form a part of the judgment roll, yet where the trial judge has not included in his decision all the facts found by him, but has delivered those not included therein to the unsuccessful party, who has caused them to be filed, ordinarily an order will be granted requiring the clerk to annex such requests and rulings to the judgment roll.

Where certain findings of fact were made in the action by the trial court at the request of the unsuccessful party and filed, the unsuccessful party is entitled to the benefit thereof, and if the findings contained in the decision and those contained in the requests to find are inconsistent and irreconcilable, he is entitled to the benefit of the findings most favorable to him.

Notwithstanding the repeal of section 1023 of the Code of Civil Procedure and the amendment of section 1022 thereof, the court upon the trial of an action may still state separately the findings of fact and conclusions of law and direct the judgment to be entered thereon; the unsuccessful party, when the trial judge adopts this course of procedure, is entitled to the benefit of all the facts found, whether included in the decision or in his requests found and filed.

Where a party desires to review the decision of the Special Term upon the facts and conclusions of law found, all the findings should be annexed to the judgment roll to enable him to do so.

MERWIN, J., dissenting.

APPEAL by the plaintiffs, Walter Walrath and others, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Herkimer on the 14th day of September, 1894, denying the plaintiffs' motion to require the defendant's attorney and the clerk of Herkimer county to include in the judgment roll the plaintiffs' requests to find, together with the rulings of the court thereon.

*C. J. Palmer*, for the appellants.

*H. Clay Hall*, for the respondent.

MARTIN, J.:

After a previous trial of this case and after an appeal was taken from the judgment entered on the report of the referee therein, a motion before this court was made by the plaintiffs to compel the clerk of Herkimer county to annex to the judgment roll the plaintiffs' requests to find and the rulings of the referee thereon. That motion was granted. We see no reason why we should not follow our decision at that time.

While it may be that the better practice would require a court or referee to include in his decision or report all the facts found, and that without an order of court requests to find and rulings thereon may not form a part of the judgment roll (*Nobis* v. *Pollock*, 53 Hun, 441; *Livingston* v. *Manhattan Railway Co.*, 27 Abb. N. C. 411), yet, as that practice was not adopted in this case, the trial judge not having included in his decision all the facts found by him but having delivered those not included therein to the plaintiffs, who caused them to be filed, and as the appellants may desire to review the decision herein upon the findings of fact and conclusions of law made by the trial judge, including those contained in the plaintiffs' requests, we can see no good reason why an order should not have been granted requiring the clerk to annex such requests and rulings to the judgment roll.

The suggestion that they were no part of the decision, but in the nature of an opinion by the court, ought not to obtain. It is manifest from the papers contained in the appeal book that the plaintiffs were desirous that the court should pass upon the various facts proved and at issue upon the trial, and made their requests accord-

ingly.  Upon each request the trial judge noted that it was found
or refused as he then judicially determined the fact.  It was then·
his purpose to find the facts as thus noted as established facts in the
case, and not to illustrate his views.  I think when the findings
were thus made by the trial court and filed the plaintiffs were
entitled to the benefit of them, and if the findings contained in the
decision and those contained in the requests to find were inconsistent
and irreconcilable, the plaintiffs were entitled to the benefit of the
findings most favorable to them.  (*Redfield* v. *Redfield*, 110 N.
Y. 671; *Green* v. *Roworth*, 113 id. 462; *Wahl* v. *Barnum*, 116
id. 87, 99 ; *Traders' Nat. Bank* v. *Parker*, 130 id. 415 ; *City of
Cohoes* v. *D. & H. C. Co.*, 134 id. 405.)

The respondent contends, and the Special Term seems to have
adopted the view, that the repeal of section 1023 of the Code of
Civil Procedure has changed the rule as to findings of fact and con-
clusions of law.  That its repeal and the amendment of section
1022 have wrought a change there is no doubt.  But a reference to
the latter section discloses that the court, upon the trial of the
whole issues of fact, may still state separately the facts found and
the conclusions of law, and direct the judgment to be entered.
thereon.  Such was the course adopted in this case.  When the
trial judge adopted that course of procedure, we think the plaintiffs·
were entitled to the benefit of all the facts found by him, whether
included in the decision signed or in the plaintiffs' requests found.
and filed.

We find nothing in the repeal of section 1023 and the amendment
of section 1022 which in any way deprives a party of the benefit
of all the findings of fact made by the trial court where it states the
facts found and conclusions of law.  It is true the amendment of
the latter section gives the court the right in deciding the issues in
a case to file a decision stating concisely the grounds upon which
such issues have been decided, and direct the judgment to be entered
thereon.  If,. however, the court adopts the former course, and
states the facts, we think the defeated party is entitled to the bene-
fit of all the facts found by him, and where a party desires to review
the decision of the Special Term upon the facts and conclusions of
law found, all the findings should be annexed to the judgment roll
to enable the party to thus review them.

Without deciding that requests to find and the rulings thereon necessarily form a part of the judgment roll in an action, we are of the opinion that in this case an order should have been granted directing the clerk to annex them thereto.

We think the order appealed from should be reversed, with ten dollars costs and disbursements, and that the plaintiffs' motion should be so far granted as to order the clerk of Herkimer county to annex the requests to find and the rulings of the court thereon to the judgment roll filed in this action.

We are also of the opinion that the defendant's motion to dismiss the plaintiffs' appeal and for judgment of affirmance should be denied, without costs to either party.

HARDIN, P. J., concurred.

MERWIN, J. :

I think that the order of the Special Term should be affirmed. I concur in the denial of the motion to dismiss the appeal. ·

Order of Special Term reversed, with ten dollars costs and disbursements, and order directing the clerk of Herkimer county to annex to the judgment roll in this action the plaintiffs' requested findings of fact and conclusions of law with the rulings of the court thereon granted, without costs to either party.

· The defendant's motion to dismiss the appeal and for affirmance of the judgment denied, without costs to either party.